## SAN FRANCISCO SAVINGS AND LOAN SOCIETY *v.* WILLIAM THOMPSON, Jr.

Bill of Review.—If a judgment is erroneous upon the face of the record, a bill of review will not lie to correct the same. In such case the error must be corrected by an appeal from the judgment.

Correction of Error in Judgment.—If a judgment is rendered payable in currency, and the record shows that it should have been made payable in gold coin, the error cannot be corrected by a bill of review.

Bill to review Judgment.—It is doubtful whether a bill of review for errors apparent on the face of the record could be maintained under the old chancery system, after an affirmance of the decree on appeal.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*B. S. Brooks*, for Appellant.

It is no objection to the jurisdiction of a Court of Chancery to relieve on the ground of mistake; that it is the mistake of the party applying for relief, or of the solicitor. (*Ball* v. *Stone*, 1 Simon & Stuart, 218; *Acton* v. *Pierce*, 2 Vern. 480; *Bishop* v. *Church*, 2 Ves. 100; 3 Atk. 691; *Welsh* v. *Harvey*, 2 Ves. 102; *Probart* v. *Clifford*, 2 Ves. 102; *Simpson* v. *Vaughan*, 2 Atk. 31; *In re Bail* v. *Haskell*, 3 Ves. 400; *Grace* v. *Freeman*, 3 Vern. 400; *Burn* v. *Burn*, 3 Ves. 573.) Usually the mistake is that of the attorney, solicitor, or scrivener. Thus, in cases of marriage settlements, where the

solicitor has not drawn them in accordance with the memorandum, or the instructions or the intentions of the parties; and it is of no consequence that the instrument is drawn by the solicitor of the party who complains of the mistake. (*Marquis of Breadalbane* v. *The Marquis of Chandos,* 2 Mylne & Craig, 741; *Marquis of Exeter* v. *The Marchioness of Exeter,* 3 M. & C. 321; *Pearce* v. *Verbeke,* 2 Beav. 333; *The Duke of Bedford* v. *The Marquis of Abercorne,* 1 Mylne & Craig, 312; *Alexander* v. *Crosbie,* 1 Lloyd & Goold, 145 : *Barstow* v. *Kelington,* 5 Ves. 593.) And so of contracts. (*Murry* v. *Beekman Iron Co.,* 9 Paige, 188; *Hunt* v. *Rousmanire,* 1 Pet. 13.)

[No brief on file for Respondent.]

By the Court, Sawyer, J. :

This is a suit in the nature of a bill of review, to correct a former judgment between these parties in the same Court. The plaintiffs in the Fourth District Court filed their complaint to foreclose a vendor's lien, setting forth a written contract for the sale of lands to the defendant, and the promise by defendant to pay the purchase money in gold coin of the United States. The written contract was set forth at length in the complaint. The whole of the purchase money had been paid, except the last installment, which was payable upon the happening of a contingency, *i. e.* the perfecting of the title by the decree of a competent Court to that effect against certain persons. The complaint alleged that the title had been so perfected, and that the last installment was, therefore, due. The cause was tried by the Court, and findings were for the plaintiffs, and judgment ordered accordingly to enforce the vendor's lien. The defendant appealed to the Supreme Court, and there the judgment was affirmed. (31 Cal. 347.) Upon the going down of the remittitur, the defendant tendered the amount in legal tender notes. Plaintiffs then discovered that the judgment did not

require the amount due to be paid in gold coin, or that the land should be sold for gold coin only.

Thereupon the plaintiffs commenced this suit to have the judgment reformed, and the judgment made to conform to the rights of the plaintiffs; alleging that, by error and inadvertence of their attorney, the complaint did not pray for the judgment to which they were entitled, and that the judgment was erroneous upon its face in not giving to them the relief to which, upon the facts stated in the bill, they were entitled.

The defendant demurred to the bill on the ground that it did not state facts sufficient to constitute a cause of action; and the Court gave judgment for the defendant upon the demurrer. From this judgment the plaintiffs appeal.

The plaintiffs in the former suit were clearly entitled to a judgment for gold coin upon the case made by the pleadings, if the facts proved corresponded with the allegations of the complaint. The complaint averred a contract payable in gold coin, and there was an answer filed, so that the Court was authorized to grant any relief "consistent with the case made by the complaint, and embraced within the issues." (Practice Act, Sec. 147.) One of two hypotheses must, therefore, be true : either the plaintiffs failed to prove the case alleged, or the Court erred in not granting the full measure of relief demanded by the case presented. The answer in the former case is not in the present record, but the Court finds the issues in favor of the plaintiffs, and we may assume the latter hypothesis to be the true one. The real ground of complaint, then, is, that the judgment is erroneous upon the face of the record. The mode prescribed by our Practice Act for correcting such errors is by appeal. The error would readily have been corrected by an appeal from the judgment upon the judgment roll alone. This is a simple and speedy mode of correcting the judgment, and it is the remedy provided. Besides, there was, in fact, an appeal in the case, and the judgment was affirmed, and even under the old chancery system, "where a decree has been

affirmed in Parliament, it may well be doubted whether a bill of review, for errors apparent upon the face of the decree, can be brought; for the highest appellate Court has pronounced, in effect, that it is not erroneous." (Ad. Eq. 462.) The authorities cited on the subject of mistake we think inapplicable.

The demurrer, in our judgment, was properly sustained.

Judgment affirmed.

Mr. Justice SANDERSON and Mr. Justice SHAFTER expressed no opinion.