[Sac. No. 2309. In Bank.—June 29, 1917.]

SAN JOAQUIN & KINGS RIVER CANAL & IRRIGATION COMPANY, INCORPORATED (a Corporation), Appellant, v. JAMES J. STEVINSON (a Corporation), Respondent.

NEW TRIAL—BILL OF REVIEW.—A bill of review for a new trial for newly discovered evidence may be maintained in this state, notwithstanding the remedy by motion for new trial, but is seldom resorted to because of the high standard of diligence required to authorize the relief.

ID.—TIME FOR INSTITUTING BILL—DILIGENCE.—While the time to institute a bill of review for a new trial for newly discovered evidence does not begin to run until the discovery, yet the complaint must show great diligence in using the means for discovery, and unless it does so show, the fact that the discovery was not made until shortly before the action was begun will not avail.

ID.—LACHES IN EXAMINATION OF RECORDS.—A bill of review for a new trial for newly discovered evidence in an action involving riparian rights fails to present a case for equitable relief, because of the laches of the plaintiff, where such evidence consists of a recorded deed conveying such rights of the defendant, and there is nothing on the face of the bill to disclose that such deed could not have been discovered upon an examination of the records at any time during a period of over ten years before the commencement of the action.

APPEAL from a judgment of the Superior Court of Merced County. J. A. Plummer, Judge Presiding.

The facts are stated in the opinion of the court.

Edward F. Treadwell, for Appellant.

James F. Peck, for Respondent.

MELVIN, J.—Plaintiff filed a pleading entitled "Complaint to Review Judgment," to which defendant successfully demurred. From the judgment following the order sustaining the demurrer this appeal is taken.

The complaint set forth in substance the following alleged facts:

Plaintiff was incorporated in Nevada in 1905 and has ever since that time been doing business in California. Defend-

ant was incorporated in this state in 1903 and has ever since been transacting business in California.

In 1871 there was incorporated The San Joaquin and Kings River Canal and Irrigation Company (plaintiff's predecessor in interest), the purpose of said corporation being the diversion of waters from the San Joaquin and Kings Rivers, and in that year said corporation constructed a canal, taking out of the west side of the San Joaquin River in the county of Fresno, and built a dam across said river below the head of said canal. The canal is described in the complaint with details which we need not repeat here. For a part of its course this canal had a capacity of one thousand two hundred cubic feet, but prior to August 15, 1894, and for many years theretofore, the predecessor of plaintiff had actually sold, distributed, and applied to beneficial uses 760 cubic feet of water per second through said canal. In 1896 the company constructed another canal, taking out of the original canal at a point where its capacity was one thousand two hundred cubic feet per second, and began to distribute that amount of water to certain inhabitants of Fresno, Merced, and Stanislaus Counties.

On August 15, 1899, James J. Stevinson, an individual (predecessor of the defendant corporation), commenced an action against plaintiff's predecessor in the superior court of Merced County, alleging that he was the owner of a certain tract of land described in his pleading; that said land was riparian to the San Joaquin River; and that he was the owner of and entitled to the use and enjoyment of all the water flowing into said river. He asked for damages and that plaintiff's predecessor be enjoined from the diversion of any of the waters of the San Joaquin River above his property. In March, 1900, James J. Stevinson filed an amended complaint substantially the same as his original pleading, and thereafter, in May of that year, The San Joaquin and Kings River Canal and Irrigation Company answered, setting up its claim by prescriptive right to use 900 cubic feet per second of the waters of said river. By later amendments the corporation in that action (predecessor of this plaintiff) asserted a right to use the entire one thousand two hundred cubic feet of water, averring that its later appropriation through its new canal had been made for the use of the public with Stevinson's knowledge.

Upon the issues thus joined the cause was tried, the court fixing the Canal Company's prescriptive right at 760 cubic feet of water flowing per second; but it was determined by the court that certain of Stevinson's land was riparian to the river and that he was entitled to the rights of a riparian proprietor. The Canal Company was enjoined from diverting more than 760 cubic feet of water from the San Joaquin River, and that corporation duly appealed to this court from the injunctive part of the judgment. On the first day of February, 1912, the judgment was affirmed.

On April 8, 1903, James J. Stevinson, a corporation, was organized, and the individual of that name transferred all of his land to said corporation, and on June 12, 1905, "The San Joaquin and Kings River Canal and Irrigation Company, Incorporated," took over the property of the original Canal Company, and in 1909 the new corporations were substituted as parties to the action then pending.

The complaint contains further averments that for many years prior to the commencement of the action of Stevinson *v.* The San Joaquin & Kings River Canal & Irrigation Company, with reference to the amount of water the Canal Company was entitled to use, James J. Stevinson had occupied the land which he claimed on the San Joaquin River; that the officers and stockholders of said company knew this; that they were aware also that Stevinson had obtained title to said property from the government; that they recognized a portion of said realty as swamp and overflowed lands bordering on the said river; that they had no reason to believe that the owner had conveyed away the riparian rights, and that they had no reason to suspect that James J. Stevinson, who was an old and respected citizen, was concealing from them the fact that he did not possess the riparian rights originally incident to his ownership of the land. It is alleged that for this reason the Canal Company was unable to produce on the trial any proof of its denial that Stevinson was not, by virtue of his ownership of the land, entitled to the flow of the waters of the river by, through, and over his property.

As a matter of fact (so are the allegations), James J. Stevinson had caused to be formed a corporation known as the East Side Canal & Irrigation Company, for the purpose of diverting water from the San Joaquin River miles below the other corporation's place of diversion, and conveying said

water to riparian and nonriparian lands belonging to Stevinson. Prior to the commencement of his action against this plaintiff's predecessor said Stevinson, on March 21, 1898, has executed a conveyance to the East Side Company. This conveyance is set out in the complaint, and it is averred that by it the grantor, Stevinson, divested himself and his lands of all riparian rights in or to the waters of the San Joaquin River. It is further averred that Stevinson and his counsel were well aware that the officers and stockholders of plaintiff's predecessor were ignorant of this conveyance. There are further allegations that ''upon the trial of the said suit of Stevinson *vs.* The San Joaquin & Kings River Canal & Irrigation Company, the said Stevinson put in no proof of title and no proof of the riparian character of any of said lands, but rested upon the admission of the Canal Company that a small portion of said lands bordered upon the said river, although he then claimed, and still claims, that all of the lands described in said complaint were, in fact, riparian to said river, all of which was for the purpose of making it unnecessary for the Canal Company to examine the records pertaining to the title of said land.'' There is also a statement that during the pendency of said suit another suit was tried between the East Side Canal & Irrigation Company and other parties, the same attorneys being engaged, who represented the respective parties in the suit by Stevinson; that Mr. Peck, attorney for Stevinson in the other litigation and for the East Side Company in the case then at bar, ''did not on said trial introduce any notices of appropriation of the said water, for the purpose of preventing said attorneys from finding the said conveyance as aforesaid.''

Then follow allegations that in June, 1913, there was on file an action brought by the appellant herein against the respondent herein to acquire Stevinson's riparian rights by condemnation; that it became necessary in preparing for trial to investigate the title of the East Side Company to the water of the San Joaquin River, and that it was then discovered by an attorney representing appellant that Stevinson, and not the East Side Company, had filed the notice of intention to appropriate water, at the exact point where the East Side Company's canal headed. Looking for evidence of conveyance by Stevinson of any rights thus acquired, this attorney discovered the conveyance to the East Side Company

of all of Stevinson's rights to the waters of the San Joaquin. The date of this discovery is fixed as about June 15, 1913, and the complaint before us was verified November 1st of that year. It was averred that either Stevinson, the individual or the corporation of that name, at all times owned all of the stock of the East Side Canal & Irrigation Company, and that in the litigation in which the last-named corporation was interested the notice of appropriation of the water for said company by Stevinson was concealed for the purpose of deceiving counsel for appellant in this case.

It is further averred that plaintiff has no plain, speedy, and adequate remedy in the ordinary course of law or otherwise except by this action to review the judgment; and that the injury to plaintiff will be irreparable if said judgment shall remain in force. The prayer is that the judgment be set at large and that the court proceed to judgment upon proof of the facts alleged.

A bill of review in equity will lie in this state. The superior courts have complete and full jurisdiction of all cases in equity, the same jurisdiction as that possessed and administered by the high court of chancery in England. (*People v. Davidson*, 30 Cal. 390.) It is true, of course, that the legislature may prescribe the mode of procedure in the exercise of that jurisdiction, and if a different form of action or procedure is provided as a substitute for the former bill in equity, the method provided by the statute must be followed. But the proceeding for a new trial at common law existed concurrently with the remedy in equity for a new trial. One is not a substitute for the other. Such bills have been frequently entertained in this state and treated as a proper subject of equity jurisdiction. (*Buckelew v. Chipman*, 5 Cal. 399; *Mulford v. Cohn*, 18 Cal. 46; *Butler v. Vassault*, 40 Cal. 74; *Allen v. Currey*, 41 Cal. 318.) The reason for the rarity of such actions is easily discernible from the decision in *Mulford v. Cohn*. It is perhaps surrounded by greater difficulties in the way of success than any other action known to the law or equity. Upon this subject the court there says: "It must be shown distinctly in such a bill that the facts are of controlling force; that they were not known to the defendants at the time of the trial; that the defendants used all proper diligence to prepare their case for trial, and to procure the evidence, and that they were unable, without fault or

negligence on their part, to procure it; that the testimony is now within their control, and that they will be able to procure it on another trial. The bill should state particularly the facts to be proved, the names of the witnesses, and show the bearing and relevancy of the proposed proofs. It should also show when and how the facts discovered came to the knowledge of the plaintiffs, and why no motion for a new trial was made in the court trying the case, and before the lapse of the term.'' It is also necessary, as a matter of course, that all these facts should be fully proven in order to establish the right to such relief. Perhaps in the matter of diligence there is no method of procedure in which so high a standard is required, both in the pleading and the proof, to authorize the relief. In view of this peremptory requirement we are of the opinion that the complaint lacks merit. It shows that the deed which constitutes the new evidence was recorded, but does not allege the time when such recordation took place. It was executed in 1898, before the action which resulted in the injurious judgment was begun. In order to make a proper showing to meet the demands of equity on the subject, the bill should have stated either that it was not recorded until too late for its production at the trial, or it should have given the date of the record and shown facts which prevented the plaintiff from discovering it until too late to produce it at the trial. The complaint of Stevinson against the plaintiff's predecessor in the action complained of directly alleged that Stevinson was the owner of the water rights which it now appears he had previously conveyed to a third person. It also prayed that his right to the water be declared by the judgment, and that the defendant, plaintiff's predecessor, be declared to have no right thereto and to be enjoined from diverting the water from the river. Plaintiff's predecessor was, therefore, informed that this particular water right was the one thing in issue and that Stevinson founded his case upon his ownership thereof. It is not averred in the complaint when the conveyance from Stevinson to the East Side Company was placed of record, but as all intendments are against the pleader, we must assume that the instrument was recorded at about the date of its execution in March, 1898. From that time until June, 1913, appellant had abundant means of ascertaining the truth. The action in which Stevinson's ownership of riparian lands was the essen-

tial fact alleged by him and denied by this appellant was commenced nearly a year and a half after the execution of the alleged conveyance of his rights. About nine months later appellant's predecessor answered *denying* Stevinson's alleged ownership. Trial was had about five years after issue joined and more than a year later the findings were filed. Six years later final judgment on appeal was given and then a year and something more than four months passed before counsel for appellant made the belated discovery. A person cannot claim that he has exercised the diligence required in equity to enable him to have a judgment vacated and a new trial ordered because of the discovery of new evidence, where he has failed to examine the records concerning his adversary's title to the real property in controversy for a period of so many years after the action directly involving the evidence discovered was begun.

Counsel for the plaintiff states in his brief that it was not intended to allege a cause of action to set aside a judgment on the ground that there was fraud by the successful party in procuring it, but that the cause of action presented is in the nature of a bill of review for a new trial on the ground of newly discovered evidence. It is, therefore, unnecessary to discuss the question whether or not Stevinson's concealment of the transfer of his riparian rights amounted to fraud, either intrinsic or extrinsic.

We have reached the conclusion that the demurrer was properly sustained because failure on the part of plaintiff's predecessor to examine Stevinson's title amounted, under the circumstances, to laches. Our conclusion is not based upon the declaration in *Allen* v. *Currey*, 41 Cal. 318–321, upon which in respondent's brief great stress is laid that "in respect to bills of review courts of equity have adopted, as a reasonable period within which they may be prosecuted, the time allowed by law for the prosecution of an appeal or writ of error. (Story's Equity Pleading, sec. 410; *Smith* v. *Clay*, Ambler, 645, [27 Eng. Reprint, 419]; Cooper, Equity Pleading, 91; *Thomas* v. *Brockenbrough* (Harvie), 10 Wheat. (U. S.) 146, [6 L. Ed. 287].)" The quoted statement is inaccurate. Bills of review for a new trial are of two kinds; a review for errors appearing on the face of the record, and a review because of newly discovered evidence. With respect to a review for errors on the face of the record, it was settled in

equity that they would not be entertained after the time allowed by the statute for an appeal had expired. (Story's Equity Pleading, sec. 410; 3 Ency. Pl. & Pr. 583.) The statement in *Allen* v. *Currey,* was founded on the authority of section 410 of Story's Equity Pleading, which, as above stated, applies only to bills of review for errors appearing on the face of the record, whereas the case there involved was a proceeding for new trial because of newly discovered evidence. With respect to bills of review for newly discovered evidence, the rule is not the same. There are decisions holding that such a bill must be instituted within the time allowed for an appeal but that the time begins to run only upon the discovery of the new evidence. The present case was begun within that period after the discovery. But with this exception the rule is that the time within which such an action must be begun is to be determined within the sound discretion of the court, and must not be an unreasonable period and will depend upon the circumstances of the particular case. (Story's Equity Pleading and Practice, 419; 3 Ency. Pl. & Pr. 585.) But in such an action the rule undoubtedly is that the complaint must show great diligence in using the means for discovery, and that unless it does so show, the fact that the discovery was not made until shortly before the action was begun will not avail.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.

ANGELLOTTI, C. J.—I concur in the judgment. But I do not concur in the conclusion stated in the opinion that the remedy by bill of review on the ground of newly discovered evidence exists in this state. In the cases cited there is no discussion of this question, and in all of them the relief sought was denied on the assumption that while such a proceeding lay, no case measuring up to the requirements of the old equity practice had been made. The old equity bill of review on this ground was in effect only a motion for a new trial on the ground of newly discovered evidence. This is a subject matter which to my mind is covered, to the exclusion of all other remedies, by the provisions of our Code of Civil Procedure relative to new trials. This court has already held that a bill of review will not lie for errors appearing on the

face of the record (the other ground under the old equity practice), the statute providing an appeal as the exclusive remedy. (See *San Francisco Sav. & Loan Soc.* v. *Thompson,* 34 Cal. 76, 78.) The same is true on principle as to a bill of review on the ground of newly discovered evidence. As to the power of the legislature to make such provision exclusive, I think there can be no question.

Henshaw, J., concurred.