[Civ. No. 3089.    Third Appellate District.—February 8, 1926.]

AUGUST CARP, Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY et al., Respondents.

[1] NEW TRIAL—STATUTORY REMEDY NOT EXCLUSIVE.—The statutory motion for a new trial is not the exclusive procedure by which a new trial may be obtained.

[2] DIVORCE—MOTION TO SET ASIDE INTERLOCUTORY DECREE—FRAUD—DENIAL OF RELIEF—EQUITY.—The fact that a wife's motion to set aside an interlocutory decree in a divorce action under section 473 of the Code of Civil Procedure is denied is not a bar to her suit in equity to set the decree aside on the ground of extrinsic fraud.

[3] JUDGMENTS—ACTION TO SET ASIDE—FRAUD—EQUITY—INJUNCTION. Actions in equity to set aside judgments obtained by extrinsic fraud are not novel, and it is not unusual in such actions to enjoin the enforcement of the judgment sought to be vacated pending the determination of the charge of fraud.

[4] ID.—ENJOINING ENFORCEMENT PENDING APPEAL—COURTS—JURISDICTION.—The court may, in a proper case, enjoin the enforcement of its own judgment pending a determination of an appeal therefrom so as to maintain the *status quo* of the subject matter of the litigation.

[5] DIVORCE—REMARRIAGE PENDING APPEAL—PUBLIC POLICY.—It is the public policy of the state, as shown by the history of divorce legislation, to prevent the remarriage of a divorced person during the time allowed for appeal from a judgment for divorce and thereafter, if an appeal be taken, until his right to a divorce is finally determined, the state having a well-recognized interest in the matter.

[6] ID.—MOTION TO SET ASIDE INTERLOCUTORY DECREE—FRAUD—DENIAL OF APPLICATION FOR FINAL DECREE—DISCRETION.—Where a suit in equity, brought by the wife to set aside an interlocutory decree of divorce on the ground that the husband had fraudulently prevented her from appearing in the divorce action and making a defense, is pending in the same court as the action for divorce, the trial court has the discretion to deny the application of the

1.  See 20 Cal. Jur. 38.
2.  See 15 Cal. Jur. 27.
4.  See 2 Cal. Jur. 461.
5.  See 9 Cal. Jur. 773.

husband for a final decree in the divorce action until the final
determination of the wife's action attacking the validity of the
interlocutory decree.

---

(1) 29 Cyc., p. 921, n. 13 New.   (2) 19 C. J., p. 172, n. 2, 8.
(3) 34 C. J., p. 470, n. 44, p. 473, n. 66.   (4) 3 C. J., p. 1286, n. 40,
p. 1287, n. 45.   (5) 19 C. J., p. 158, n. 80, p. 185, n. 4.   (6) 19 C. J.,
p. 159, n. 90.

PROCEEDING in Mandamus to compel the Superior
Court of Humboldt County to enter a final decree of divorce.
George D. Murray, Judge.   Writ denied.

The facts are stated in the opinion of the court.

J. F. Coonan for Petitioner.

Henry L. Ford and J. Logan Beamer for Respondents.

FINCH, P. J.—This is an original application, made upon
notice given by petitioner to respondents, for a writ of
mandate to compel the respondent Court to enter a final
decree of divorce in an action prosecuted by the petitioner
against his wife, Hilma Carp.

The wife did not appear in that action and an interlocu-
tory decree of divorce was entered in favor of the hus-
band on the fifteenth day of February, 1923. The wife did
not appeal or move for a new trial. Within due time she
moved the Court to set aside the interlocutory decree "on
the ground of accident, surprise, excusable neglect, and that
no service of the summons had been made on said Hilma
Carp." The motion was denied June 8, 1923. January 25,
1924, the wife commenced a suit in equity to set aside the
interlocutory decree on the ground that the husband had
fraudulently prevented her from appearing in the divorce
action and making a defense. On the thirtieth day of Octo-
ber, 1925, judgment was entered therein against the wife.
November 3, 1925, the wife made a motion for a new trial in
that action, and on the 28th of that month the motion was
denied. November 30th she duly appealed from the judg-
ment therein and the appeal is still pending. November
17, 1925, the husband served notice of motion for a final
decree of divorce. The wife filed a verified "answer" to the

motion, in which she stated that if her motion for a new trial of the action to set aside the interlocutory decree "is denied she will immediately appeal from said judgment in the said cause of *Hilma Carp* v. *August Carp* to the Supreme Court of the State of California." November 23, 1925, the husband's motion for a final decree of divorce was denied "without prejudice to renew the same." The petition herein was filed December 17, 1925.

Section 132 of the Civil Code provides: "When one year has expired after the entry of such interlocutory judgment, the court on motion of either party, or upon its own motion, may enter the final judgment granting the divorce, . . . but if any appeal is taken from the interlocutory judgment or motion for a new trial made, final judgment shall not be entered until such motion or appeal has been finally disposed of, nor then, if the motion has been granted or judgment reversed." Petitioner contends that, under the facts stated, it was the mandatory duty of the court to enter a final decree of divorce. The primary purpose of the action to set aside the interlocutory decree was to obtain a new trial of the action for divorce. [1] The statutory motion for a new trial is not the exclusive procedure by which a new trial may be obtained. (*San Joaquin etc. Irr. Co.* v. *Stevinson,* 175 Cal. 607, 611 [166 Pac. 338].) [2] The fact that the wife's motion to set aside the interlocutory decree, under the provisions of section 473 of the Code of Civil Procedure, was denied is not a bar to her suit in equity to set the decree aside on the ground of extrinsic fraud. (*Estudillo* v. *Security Loan etc. Co.,* 149 Cal. 556, 562 [87 Pac. 19]; *Bacon* v. *Bacon,* 150 Cal. 477. 484 [89 Pac. 317]; *Lake* v. *Bonynge,* 161 Cal. 120, 131 [118 Pac. 535].) Persuasive reasons, some of which will be stated in another connection, could be advanced to show that the term "motion for a new trial," as used in section 132 of the Civil Code, is not restricted to the statutory motion for a new trial, but was intended to include any pending proceeding to obtain a new trial. It is not necessary, however, to so hold in order to sustain the action of the trial court.

[3] Actions in equity to set aside judgments obtained by extrinsic fraud are not novel. It is not unusual in such an

action to enjoin the enforcement of the judgment sought to be vacated, pending the determination of the charge of fraud. [4] In a proper case a court may enjoin the enforcement of its own judgment pending the determination of an appeal therefrom "so as to maintain the *status quo* of the subject matter of the litigation." (*Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 Pac. 725], and cases therein cited.) [5] It is the public policy of the state, as shown by the history of divorce legislation, to prevent the remarriage of a divorced person during the time allowed for appeal and thereafter, if an appeal be taken, until his right to a divorce is finally determined. The state has a well-recognized interest in the matter. "While an action to obtain a decree dissolving the relation of husband and wife is nominally an action between two parties, the state, because of its interest in maintaining the same, unless good cause for its dissolution exists, is an interested party. It has been said by eminent writers upon the subject that such an action is really a triangular proceeding, in which the husband and the wife and the state are parties." (*Deyoe* v. *Superior Court,* 140 Cal. 476, 482 [98 Am. St. Rep. 73, 74 Pac. 28].) Upon the entry of a final decree of divorce, either party may enter into another marriage, maybe with a person who is without knowledge of the pendency of a proceeding to set the decree aside. The positions which such innocent person and the children born of the second marriage will occupy, in the event of the decree being vacated, are matters of grave public concern. As said in the dissenting opinion of Mr. Justice Temple in *Estate of Wood,* 137 Cal. 129, 139 [69 Pac. 900] : "There are . . . special reasons why it (the decree) should not take effect so that the parties can remarry, except with each other, so long as the judgment is subject to review and to be reversed. . . . It would transpire that the new spouse, in case of a marriage, would have been taken on condition. Any civilized people would desire to avoid such possibilities." The case of *Olson* v. *Superior Court,* 175 Cal. 250 [1 A. L. R. 1589, 165 Pac. 706], was an application for a writ of mandate to compel the entry of a final decree of divorce. After the entry of the interlocutory decree, a reconciliation was effected and the parties resumed the relations of husband and wife. The court said: "While in every proper case

a trial court will, and if necessary by mandate will be compelled to, enter such a final decree, it would be a gross reproach to our jurisprudence to hold that our law ever contemplated that such a decree could be forced upon a blameless and nonconsenting wife after such a reconciliation. Our law demands no such thing. It never designed to make itself an instrument of such frauds.'' The wife has alleged, in her action to set the decree aside, that it was obtained by the husband's fraud. That action is still pending and may be determined finally in favor of the wife. To hold that the provisions of section 132 require the entry of a final decree under such circumstances would be to make the law an instrument of fraud. [6] The action for a divorce and the suit to set aside the interlocutory decree were both pending in the same court. The court certainly had the discretion, at least, to deny the application for a final decree in the divorce action until the final determination of the other action in which the validity of the interlocutory decree was assailed. If, as has been shown, a court may, in a proper case, restrain the enforcement of its judgment pending an appeal therefrom, where mere property rights are in question, no sound reason can be given for compelling a court to enter a final decree of divorce in a case where the interlocutory decree is under attack in a pending action for fraud, and where the issues involve questions of great public concern.

The petition is denied and the order of the trial court is affirmed.

Hart, J., and Plummer, J., concurred.