[Civ. No. 9401.  Second Appellate District, Division One.—April 30, 1934.]

FRIEND W. RICHARDSON, as Building and Loan Commissioner, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Clock, McWhinney & Clock for Petitioner.

Everett W. Mattoon, County Counsel, J. F. Moroney, Deputy County Counsel, Bernard Potter, Edward A. Adams, Lobdel & Matt, Malcolm Davis and R. S. Collins for Respondent.

CONREY, P. J.—In this proceeding an alternative writ of prohibition was issued, to which return has been made by demurrer, as well as by answer. Petitioner seeks to obtain a peremptory writ prohibiting respondent court from exercising jurisdiction in an action now pending in respondent court, in so far as said proposed exercise of jurisdiction relates to certain described measures of relief demanded by the plaintiff in that action. The action is entitled *Morsey et al.* v. *Richardson, as Building and Loan Commissioner of the State of California et al.,* and is case No. 360483 in said superior court.

The questions presented herein are all tributary to a problem relating to the jurisdiction of the superior court; and, more particularly, to the limitations which may be found to exist, staying the exercise of judicial power, where such exercise of judicial power would interfere with administrative authority created by statute.

■ The superior court is a court having jurisdiction in "all civil actions and proceedings",—with stated exceptions which have no importance in the present case. (Constitution of California, art. VI, sec. 5.) By virtue of this provision of the Constitution, the superior court is a court of general jurisdiction in equity. "The superior courts have complete and full jurisdiction of all cases in equity, the same jurisdiction as that possessed and administered by the high court of chancery in England." (*San Joaquin etc. Co.* v. *Stevinson*, 175 Cal. 607, 611 [166 Pac. 338].) And it will not be denied that this includes, under some conditions, authority to appoint a receiver of the property of a corporation.

The petitioner herein asks for the writ of prohibition, to prevent the respondent court from appointing a receiver of the property of a building and loan association, viz., Pacific Building & Loan Association, a corporation, in said action No. 360483, and from compelling petitioner to surrender to the receiver the said property, as respondent court threatens to do, notwithstanding the fact that, as shown by the complaint and by the complaints in intervention in said action, the petitioner Richardson is the duly qualified building and loan commissioner of the state of California, and as such commissioner is in possession of the property, business and assets of said corporation by virtue of proceedings taken in accordance with the provisions of section 9 of the "Building and Loan Commission Act" of 1911. (Stats. 1911, p. 607; amended 1911, Ex. Sess., p. 7.) Such possession was first taken by H. L. Carnahan, building and loan commissioner, in June, 1931, and his action therein was duly confirmed by the superior court of Los Angeles County, by order made pursuant to the procedure authorized by said section 9. In January, 1932, petitioner Richardson became building and loan commissioner by appointment as successor to said Carnahan, and as such successor entered into possession of the property and business of said Pacific Building &

Loan Association, all as provided and authorized by law, and until now has continued to hold such possession.

In the year 1931 the legislature enacted a new "Building and Loan Association Act". (Stats. 1931, p. 483; Deering's Gen. Laws, 1931 ed., Act 986.) This act repealed the "Building and Loan Commission Act" of 1911. But it was provided by the new act (sec. 14.03) that this act shall be construed as a continuation of and as amendatory to the said act· of 1911, and that the office of building and loan commissioner created by said former statute "is continued by this act" (see, also, sec. 13.01). From the foregoing statement it plainly appears that, although petitioner Richardson acquired his office under the Building and Loan Commission Act of 1911 (as variously amended), his duties and powers are now subject to the provisions of the present law.

It is conceded by respondents, as it must be, that the building and loan commissioner does have the right to take possession of the assets and business of a building and loan corporation, where the conditions call for that procedure, as authorized by the statute. Their claim is that, assuming that in the first instance the commissioner is lawfully in possession for the appropriate purposes of liquidation of the business, yet "this would not at all affect the power of a court to exercise its equity powers and jurisdiction in case of fraud, abuse of discretion, unfairness, etc., during the course of liquidation".

The business of a building and loan corporation, like the business of banking, has inherent qualities and characteristics which affect its relation to the public, and bring it within the scope of the police power of the state. The controlling reasons which justify legislative exercise of the police power in relation to such institutions were very clearly stated in *State Savings etc. Bank* v. *Anderson,* 165 Cal. 437 [132 Pac. 755, L. R. A. 1918E, 675].

When the building and loan commissioner has taken possession of the property and assets of a building and loan association as provided by section 9 of the Building and Loan Commission Act, and when he retains such possession under the corresponding provisions of sections 13.11 et seq. of the Building and Loan Association Act, the position of the commissioner is very similar to that of the state superin-

tendent of banks when, in accordance with the provisions of section 136 of the Bank Act (Stats. 1909, p. 87, and amendments thereto; Deering's Gen. Laws, 1931 ed., Act 652), the superintendent of banks has taken possession of a bank. The situation thus created when the state superintendent of banks, in performing the duties of his office required of him by the statute, takes possession of a banking corporation, was the subject of discussion in an opinion of the Supreme Court in *Mercantile Trust Co.* v. *Miller,* 166 Cal. 563 [137 Pac. 913]. The court said that under these circumstances the superintedent of banks is acting as a state officer in his official capacity, within the meaning of section 1058 of the Code of Civil Procedure, which provides that in every civil action when any state officer in his official capacity is a party, no bond, written undertaking, or security can be required of him, and that therefore in taking an appeal from a judgment the officer was exempt from the obligation of giving any undertaking on appeal for stay of execution. It was pointed out by the court that when the superintendent of banks takes possession he supersedes the bank officials in the management and control of the business, and acts upon his own initiative, and independent of them. "Thus, apparently, the title to the property passes to him for the purposes of the trust and through him to the stockholders. While engaged in the process of liquidation and settlement, he holds the property as trustee, to dispose of it as the statute directs. It is an express trust created and imposed upon him by the statute."

The Building and Loan Association Act is a law enacted for the general purpose of providing for the organization of such associations and regulating the manner in which their business shall be conducted; and for the more particular purpose of establishing a procedure under which any building and loan association which has fallen into an unsafe condition "or is conducting its business in an unsafe or injurious manner", etc., may be required to surrender its property, business and assets to a public officer, viz., the building and loan commissioner, for the purposes of liquidation and settlement. The law provides a measure of control of the actions of the commissioner, by proceedings in the superior court of the county in which the principal office of the building and loan association is located, both with reference to

the seizure of the association by the commissioner, and with reference to his actions in the course of administration of the business of the association by him. Although he has power to sell, convey and transfer both real and personal property of the corporation, yet this may not be done except on order of the court given and made after a hearing on such notice as the court shall prescribe. And ultimately, when liquidation of the business has been completed, the law requires the commissioner to prepare and file with the court a full and final statement thereof. It is only after due hearing and approval of his account that the liquidation is deemed to be closed.

While it thus appears that the authority of the commissioner over the property and business affairs of the association when in his custody is subject to certain prescribed judicial review and control, the principal characteristics of his position as administrator are those of a public officer charged with a statutory duty which, for reasons of public policy, has been made to include a trust in private property. The statute constitutes a declaration of policy by the state to the effect that the protection of investments in building and loan associations is a special subject of care by the state, and that the measures prescribed in the statute are necessary measures in relation to the welfare of the public. By section 3423 of the Civil Code it is provided that an injunction cannot be granted, "Fourth—To prevent the execution of a public statute, by officers of the law, for the public benefit. . . . Sixth—To prevent the exercise of a public or private office, in a lawful manner, by the person in possession."

The particular question before us relates to the asserted power of the superior court as a court of equity to inquire into the acts of the commissioner and appoint a receiver to take from him the assets in his possession, and thereby in effect remove him from his position as statutory liquidator of the Pacific Building & Loan Association. It is the contention of petitioner that the equity powers of the superior court are not narrowed or diminished by the Building and Loan Association Act. To this respondents reply that they agree, but with the proviso that should the statute be construed as a law attempting in any way to take from the superior court its jurisdiction as a court of equity, then

the statute, *pro tanto,* is void. We find no reason for disagreement with the principle thus suggested. But we are of the opinion that the statute may be given full effect without impairment of the jurisdiction of the court. In *Reclamation District* v. *Superior Court,* 171 Cal. 672, 681 [154 Pac. 845], the Supreme Court said: "Section 3423 of the Civil Code does not, in all of its provisions, establish new rules 'for the granting or denying of preventive relief in equity. Some of the subdivisions are merely declaratory of principles which, in the absence of statute, were and are generally held to govern courts of chancery in determining what causes are proper subjects of equitable cognizance. Subdivision 1 is more than declaratory. It establishes a rule; it limits the right to issue injunctions as that right was understood in the English and American courts before the adoption of our codes. The Constitution of this state gives to the superior courts original jurisdiction 'in all cases in equity'. To the argument that this jurisdiction could not be limited by statute, this court said in *Spreckels* v. *Hawaiian etc. Co.,* 117 Cal. 377 [49 Pac. 353], and in *Wright* v. *Superior Court,* 139 Cal. 469 [73 Pac. 145], that subdivision 1 of section 3423 was an exercise of the legislative power to define the rights of persons. It did not limit the power of courts of equity to issue an injunction wherever the complainant was entitled thereto, but so operated on the complainant as to take away his right in certain cases to this form of relief." Further along this line, see *Estate of Barnett,* 97 Cal. App. 138, 141 [275 Pac. 453].

So here, the statutes to which we have referred do not limit the equity jurisdiction of the court, but they do operate on the parties plaintiff (and interveners), in the court below, so as to deprive them of the right to have a receiver substituted for the commissioner. It may be assumed that a case in equity might be stated, wherein a party owning or beneficially interested in property held by the commissioner as property of the building and loan association, would be entitled to an injunction to prevent some wrongful disposition of such property. Circumstances might be shown to exist, in relation to specific property, where the plaintiff's claim to such property, and the condition of that property in the hands of the commissioner, would authorize not only an injunction, but the appointment of a receiver of

the property and the surrender thereof by the commissioner to the receiver. But this would be an exceptional case, wholly apart and distinct from an action brought by holders of "investment certificates", or "instalment membership shares", or "guarantee capital stock" (as in said action *Morsey et al.* v. *Richardson, supra*), wherein the plaintiffs attack the entire administration of the affairs of the corporation by the commissioner, and seek to remove him from his office so far as the described corporation is concerned, and to compel him to surrender the entire business to the court, to be administered by the court through a receiver appointed for that purpose. The assertion of such authority by the court is an assumption of jurisdiction which, under the existing laws, the superior court, with all its equity powers, does not possess.

In accordance with the foregoing opinion, let the peremptory writ issue.

York, J., concurred.

Houser, J., deeming himself disqualified, took no part in this decision.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 28, 1934.

Preston, J., dissented.