[S. F. No. 15074. In Bank.—April 19, 1935.]

HARRY G. HOLABIRD, as Receiver, etc., Appellant, v. FRIEND W. RICHARDSON, as Building and Loan Commissioner, etc., et al., Respondents.

300

David R. Faries and Don F. Tyler for Appellant.

J. C. Hugh, Fry & Jenkins and Thomas M. Gannon for Respondents.

SHENK, J.—On January 23, 1933, the defendant, Friend W. Richardson, as Building and Loan Commissioner, pursuant to the power vested in him by the provisions of section 13.11 of the Building and Loan Act (Stats. 1931, p. 483), took possession of the business and assets of the defendant California Mutual Building & Loan Association.

On February 21, 1933, the plaintiff, as receiver of North American Associated Companies, a stockholder of said association, brought the present action against the commissioner and the association to enjoin the possession and further proceedings in relation thereto. The trial court sustained, without leave to amend, a demurrer to the plaintiff's third amended complaint. From the judgment entered on the order the plaintiff appeals.

We may assume that the plaintiff, as receiver of the corporation North American Associated Companies, has authority to bring any action which the corporation for which he is receiver could bring. The action purports to have been brought pursuant to section 13.12 of the Building and Loan Act. The questions for determination are whether the plaintiff's corporation, as a stockholder of the defendant California Mutual Building & Loan Association, under the circumstances alleged, may bring the action provided by said section 13.12 on behalf of the association. The plaintiff also questions the validity of the provisions in question in relation to the due process clauses of the federal and state constitutions.

Section 13.11 of the act, among other things, provides that if it shall appear to the building and loan commissioner that any building and loan association is in an unsafe condition, or is conducting its business in an unsafe or injurious manner such as to render its further proceeding hazardous to the public or to any or all of its investors, or if he shall find that its assets are impaired to such an extent that, after deducting all liabilities other than to investors, they do not equal or exceed the sum of the value of its outstanding shares and investment certificates and the par value of its outstanding stock, the commissioner may forthwith demand and take possession of the property, business and assets of the association and retain possession until the association shall resume possession with the consent of the commissioner, or until its affairs be liquidated.

Section 13.12 of the act provides that whenever an association of whose property, business and assets the commissioner has so taken possession, deems itself aggrieved thereby, it may at any time within thirty days after such possession apply to the superior court of the county in which the principal office of the association is located, to

enjoin further proceedings. The same section provides for a citation to be issued to the commissioner to show cause why further proceedings should not be enjoined, and for a hearing upon the return thereto. The court is empowered to enjoin further proceedings and order the return of the property and assets, or dismiss the proceeding.

It is alleged in the complaint that the plaintiff, deeming said California Mutual Building & Loan Association aggrieved by the act of the commissioner, made demand upon the directors of the association to commence an action to enjoin further proceedings pursuant to section 13.12 of the act; that the association did deem itself aggrieved, but that a majority of the directors thereof were wrongfully dominated by, in fear of and under the control of the defendant Richardson, and feared personal retaliation from him for reasons personal to themselves; that contrary to the best interest of the association, the board of directors, despite the demand of the plaintiff, failed and refused to commence an action on behalf of the association; that in order to prevent the lapsing of the thirty-day period, the plaintiff filed the action on behalf of the association, and joined the association as a defendant. It is also alleged that the association has deemed itself further aggrieved in that the possession is in violation of the constitutional rights of the association because the commissioner did not apply to any court for permission to take the property and thus accord to the association an opportunity to be heard, and furthermore for the reason that the association for more than six months prior to the taking had been on a *pro rata* basis as provided by the act, and had neither accepted deposits nor made payments or loans, and that during that period the commissioner had had agents stationed in the offices of the association who had access to the books thereof. It is further alleged that the act of the commissioner was arbitrary, unreasonable and unjustified in that it was done in an effort to prevent a reorganization of the affairs of the association for the benefit of its investors.

We may at the outset dispose of the contentions that the provision for taking possession by the commissioner forthwith under the circumstances and conditions provided by the act, and the provision for an action to be brought by the association if it deem itself aggrieved thereby, are a

deprivation of due process. The questions thus raised must be deemed to be settled adversely to the plaintiff's contentions by the case of *State Savings & Commercial Bank* v. *Anderson,* 165 Cal. 437 [132 Pac. 755, L. R. A. 1915E, 675]. In that case it was held that provisions of the Bank Act were constitutional which vested in the superintendent of banks similar powers with relation to banking institutions. (Sec. 136, Banking Act, Stats. 1909, p. 115.) Common knowledge discloses the similarity between banking institutions and building and loan associations under the laws of this state; and the applicability of the cited case to the facts here, in so far as the necessity exists for the exercise of the police power of the state, must be recognized. All of the considerations then held to make the legislation involved a proper and reasonable exercise of the police power are appropriate here, and an extended discussion of the subject is now unnecessary. Indeed, if there be any remaining doubt of the propriety of the present legislation we may finally resolve that doubt in its favor by quoting from the opinion in that case, decided in 1913: "Under the rapid changes which have occurred in recent years in the industrial and economic world, enterprises and industries which were theretofore considered mainly of a private character, have become essentially of a public nature and the changed conditions have called for regulations of a kind different from those that have theretofore sufficed." (See, also, *Richardson* v. *Superior Court,* 138 Cal. App. 389 [32 Pac. (2d) 405]; 8 A. L. R., pp. 898–901, note and cases cited; 78 A. L. R., p. 774, note and cases cited.)

We may assume that in a proper case the plaintiff as a stockholder may sue on behalf of the association. (*Dodge* v. *Woolsey,* 18 How. 331, 341 [15 L. Ed. 401].) The plaintiff has attempted by this action to preserve what he deems to be the association's right to bring the action within the time limited by the act, but he has not shown that the association would have had a cause for the equitable relief sought had the association chosen to commence the action. The plaintiff contends that allegations in the words of the statute, viz., that the association "deems itself aggrieved", constitute a sufficient statement of a cause of action. It may be assumed that every litigant who brings an action deems himself aggrieved, but it is an obviously ele-

mentary proposition that nevertheless he must state facts constituting his *prima facie* case for relief.

The plaintiff argues that section 13.12 of the act, in providing for a return to the order to show cause to be directed to the commissioner, places the burden upon the commissioner of proving the unsafe condition of the association and that his taking possession was within his power as defined by the act. Even so, the immediate question here is whether the complaint states facts sufficient to entitle the plaintiff to an order to show cause. What showing the association must make on application to the superior court for an order is not here involved. If the plaintiff, as a stockholder, undertakes to sue on behalf of the association, he must allege facts to support a conclusion that the association has wrongfully refused to commence the proceeding on its own behalf. He has not alleged such facts unless by the complaint he has made a *prima facie* showing that the taking possession by the commissioner was beyond the scope of his powers under the act. This is so for the reason that the complaint falls far short of averring fraud or collusion on the part of the directors, or that their refusal to bring the action was wrongful. What allegations in this regard do appear, viz., substantially that the directors were dominated by the commissioner, are merely the conclusions of the pleader, and are not inconsistent with a decision of the board of directors, based on fact, that the taking possession by the commissioner was within his powers. They do not, therefore, afford the required support to sustain the plaintiff's application for relief in a court of equity. (*Hawes* v. *Oakland,* 104 U. S. 450 [26 L. Ed. 827].) So, unless the complaint states facts showing that there was not existing any condition which would justify the act of the commissioner, the plaintiff's application is deficient. The allegations of fact in the complaint that the association had for the previous six months been on a *pro rata* basis and had not made any loans or received any deposits, that agents of the commissioner had been stationed at the association's place of business with access to the books, and that the directors had refused to make application to the superior court, are plainly insufficient. Such allegations are consistent with a conclusion that the association was in a condition which

justified the.act of the commissioner .under the provisions of the statute.

The plaintiff's allegations do not measure up to the requirements of a sufficient pleading. The demurrer was therefore properly sustained.

The judgment is affirmed.

Langdon, J., Curtis, J., Preston, J., Waste, C. J., and Seawell, J., concurred.