**PAUL et al. v. CRAEMER et al.**
No. 1402-C.

District Court, S. D. California, Central
Division.
Aug. 5, 1938.

John C. Campbell and Franz R. Sachse,
both of Los Angeles, Cal., for plaintiffs.

Walter K. Tuller, of Los Angeles, Cal.,
for defendants.

COSGRAVE, District Judge.

The complaint is by four holders of investment certificates issued by Pacific States Savings & Loan Company, which is a building and loan association, charging acts of improper administration on the part of the officers of the association and asking for the appointment of a receiver to liquidate its assets.

Three of the plaintiffs each allege ownership of a $7,500 full paid investment certificate and a $2,500 Fidelity participating certificate; Plaintiff Redewill alleges ownership of a full paid investment certificate of $1,312.50, a Fidelity participating certificate in a similar amount and a definite term certificate of $2,625. The full paid investment certificates may be eliminated from consideration so far as the jurisdiction of the court is concerned, for admittedly those are not due. The jurisdictional amount of $3,000 is therefore

lacking with respect to three of the plaintiffs. To give jurisdiction with respect to the plaintiff Redewill, the Fidelity participating certificate in the amount of $1,-312.50 must be added to the definite term certificate of $2,625. It is shown, however, that the Fidelity participating certificates were issued as a result of the taking over of the assets of the Fidelity Savings & Loan Association by the defendant association in 1931, and according to the terms of the agreement by which this was done, the amount payable under such certificates is entirely uncertain, depending upon the result of the liquidation of the assets acquired by the defendant company. The amount due on the definite term certificates seems also uncertain. Building and Loan Association Act, St.Cal.1931, p. 495, § 5.01(d). While the holder is entitled to the principal amount, that right is made subject to Section 6.02 of the Act, St.1931, p. 503, and seems by that section to be made contingent on several conditions not referred to in the complaint. It is apparent, therefore, that there is absent a definite showing of any matured demand that equals the statutory requirement of $3,000 in the case of any of the plaintiffs. Jud.Code § 24(1), 28 U.S.C.A. § 41(1).

It is urged, however, that these claims may be cumulated in order to reach the jurisdictional requirement and plaintiffs cite Troy Bank v. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81. It is clear, however, that the trust feature existing in that case is absent here. So far as the assets taken over from the Fidelity Building & Loan Association are concerned, the agreement itself expressly negatives a trust relationship. Lion Bonding Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871 seems to be definite authority against the position of the plaintiffs, and their several demands cannot be cumulated to support the claim of jurisdiction in the federal court.

With respect to the participating certificates, it is conceded that the administration of the affairs of the Fidelity Savings & Loan Association is now in progress as directed by the Building & Loan Association Act of the state of California before a court of the state. Rights thereunder must be asserted and wrongs redressed in the forum now having jurisdiction.

The complaint charges that the Building and Loan Association Act of California impairs the obligation of a contract within the meaning of Article 1, Section 10 of the U. S. Constitution, U.S.C.A. Const. art. 1, § 10, for the reason that, although certain of the securities held by plaintiffs bear 6% interest, nevertheless the payment of more than 4% is prohibited by act of the Legislature (Building and Loan Association Act, Section 8.09, St.Cal.1933, p. 315) passed subsequent to their issuance. This claim seems unsubstantial. It is contrary to the general course of decisions in the United States. Building and loan associations are peculiarly the subject of regulation by the state. They are incorporated for a quasi-public purpose and the state has a peculiar interest and power of supervision and regulation. Hopkins Federal Savings & Loan Association v. Cleary, 296 U.S. 315, 56 S.Ct. 235, 80 L.Ed. 251, 100 A.L.R. 1403. Plaintiffs cite Treigle v. Acme Homestead Association, 297 U.S. 189, 56 S.Ct. 408, 80 L.Ed. 575, 101 A.L.R. 1284, but an analysis of that case clearly supports the theory on which the legislation here complained of was passed. That is, the conservation of the assets of the association, making it more solvent, insuring that its affairs would be administered so as to protect the investments of all. The California statute plainly was passed in an attempt to prevent an excessive drain on the assets of the building and loan associations, thereby insuring their equitable distribution in the interest of all members.

It is plain that plaintiffs' rights are those enjoyed under the laws of California. Building and loan associations have been the object of highly centralized public attention, of careful legislation, and have been made the subject of an act that goes into great detail, looking to the protection of the rights of all investors. It is inconceivable that the Building and Loan Commissioner, a public officer of the state of California, is unmindful of the grave responsibility cast upon him by the Building and Loan Association Act with respect to the situation here involved. The hearing on the motion to dismiss developed the fact that already the association had been prohibited by the commissioner from receiving further deposits.

The complaint is replete with charges of mismanagement, application of funds of the association to improper purposes, failure to maintain a proper reserve and in many other respects, all of which are distinctly the subject of direction under the laws of California, and for the violation of

which the Building and Loan Commissioner, an officer of the state, is vested with well-nigh autocratic powers of correction, control, even dispossession of those in authority.

The appointment of a receiver by this court, under the circumstances here shown, against the will of the defendant association, against the will of an officer of the state, ousting him of those duties that he is even now actually performing, would be an act distinctly prohibited by the law of the state. The state of California has in the Building and Loan Association Act defined the rights of investors in building and loan associations and has prescribed the manner of their assertion. Especially in the matter of the appointment of a receiver, the laws and decisions of California must be looked to for authority and nowhere else. Erie Ry. Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, decided April 25, 1938; Ruhlin v. New York Life Insurance Co., 58 S.Ct. 860, 82 L.Ed. 1290. The law of California provides an exclusive method for liquidating the affairs of building and loan associations and in the absence of circumstances that render the execution of the law impossible, no relief can be given to plaintiffs. State Savings, etc., Bank v. Anderson, 165 Cal. 437, 132 P. 755, L.R.A.1915E, 675; Hopkins, etc., Ass'n v. Cleary, supra; Richardson v. Superior Court, 138 Cal.App. 389, 392, 32 P.2d 405; Pennsylvania v. Williams, 294 U.S. 176, 182, 55 S.Ct. 380, 383, 79 L.Ed. 841, 96 A.L.R. 1166.

The motion to dismiss is granted. Exception is given to the plaintiffs from this ruling.