[Civ. No. 17176.   Second Dist., Div. Two.   Nov. 18, 1949.]

JOHN H. WALLS et al., Appellants, v. SYSTEM FREIGHT SERVICE (a Corporation), Respondent.

Benjamin D. Brown and James Ayers for Appellants.

Spray, Gould & Bowers and Harry L. Duckett for Respondent.

McCOMB, J.—From a judgment predicated upon an order sustaining a demurrer without leave to amend to a "Complaint for review of action for wrongful death to obtain a new trial," plaintiffs appeal.

FACTS: The complaint is styled "Complaint for review of action for wrongful death to obtain a new trial." It purports to be a bill in equity to set aside the judgments in two contested actions and to obtain a new trial therein on the ground of newly discovered evidence. It alleges that on December 4, 1948, judgments were entered in favor of defendant and against plaintiffs after trial by jury of two actions to recover for personal injuries. On December 17, 1948, there were filed and served notices of motion for new trials which were denied January 17, 1949. In October, 1948, plaintiffs learned for the first time that one Gene Mehren possibly had witnessed the accident set forth in the original complaints. Two other witnesses were not known by plaintiffs prior to January 3, 1949. The present action was filed February 8, 1949.

QUESTION: *Do the foregoing facts state a cause of action?*

■ This question must be answered in the negative. A bill of review for a new trial for newly discovered evidence does not exist in this state. (*Cunha* v. *Cunha* (1935), 8 Cal.App.2d 413, 417 [48 P.2d 130].) It is to be noted that in the cited case a petition for a hearing was filed with the Supreme Court and denied September 19, 1935. Thus any statements in *San Joaquin etc. Irr. Co.* v. *Stevinson* (1917), 175 Cal. 607 [166 P. 338], to the contrary were overruled by the later decision. (*Bridges* v. *Fisk*, 53 Cal.App. 117, 122 [200 P. 71]; *Kenney* v. *Antioch L. O. School Dist.*, 18 Cal.App.2d 226, 228 [63 P.2d 1143].) ■ Since, in California, all distinctions between actions at law and suits in equity have been abolished and a statutory period named within which newly discovered evidence may be brought into the case to change a judgment rendered, the same limitation applies both to equity and legal · proceedings for a new trial. After a motion for a new trial has been denied or the time within which the same may be made has elapsed, an independent action on the ground of newly discovered evidence may not be maintained. The party

has been afforded a remedy by the statute of which he has failed to avail himself.

Since the complaint did not state a cause of action, the judgment entered upon the sustaining of the demurrer without leave to amend was correct.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 6, 1949, and appellants' petition for a hearing by the Supreme Court was denied January 16, 1950. Carter, J., voted for a hearing.