## Samuel D. Fuller *vs.* John W. Day.

The mortgagee of a chattel is entitled to possession of it as against a collector of taxes who has distrained it, after the mortgage, for a tax due from the mortgagor.

Replevin of a horse. At the trial in the superior court, before *Rockwell*, J., without a jury, it appeared that the horse was mortgaged in April 1868 by Asa F. L. Norris to the plaintiff, and was distrained in July 1868 by the defendant, acting under a warrant from the collector of taxes of Woburn, for the taxes assessed on Norris, as an inhabitant of Woburn, for the years 1866 and 1867. The defendant requested the judge to rule that the mortgage did not prevent the distraining of the horse for the taxes due from the mortgagor; but the judge refused so to rule, and ordered judgment for the plaintiff; and the defendant alleged exceptions. There was also a question as to the validity of the warrant, which is now immaterial.

*J. P. Converse*, for the defendant.

*A. F. L. Norris*, for the plaintiff.

Wells, J. Taxes upon personal estate constitute no lien The liability attaches to the person, and not to the property on account of which the tax is assessed. After demand and non-payment, the collector, or officer having a proper warrant, may seize and sell personal property. But he can only seize property of which the person taxed is the owner at the time of the seizure. He may undoubtedly seize mortgaged property without being guilty of any wrong to the tax debtor; and may maintain possession against him, and transfer his title. But the tax warrant gives him no immunity in taking property of other persons than the tax debtor. It does not entitle him to disregard the rights of the mortgagee. The statute does not authorize him to take and hold such property, as it does in case of an attachment on mesne process. His only right is derived and must be maintained through the title of the person upon whose interest he levies. As against that interest, in whosesoever hands it may be, and by whomsoever asserted, the mort-

gagee has the legal title, is entitled to possession, and **may** maintain that right in the mode by which the plaintiff undertakes to maintain it in this case.

It is not necessary to consider the question of the validity of the warrant, as the plaintiff is entitled to judgment in any event. *Exceptions overruled.*