## W. E. CONWELL v. H. S. LOWRANCE.

RECEIVER, *Permission to Sue—Revocation—Abuse of Discretion*. After the court has granted permission to the first mortgagee of chattels, who was in possession of the mortgaged property when a receiver appointed on an *ex parte* application took possession of them, to sue the receiver in replevin, and the suit had been commenced, and all proceedings had conformed to the order of the court, and a large amount of costs had accrued, it is an abuse of the discretionary power of the court to revoke the permission to sue the receiver and dismiss the action.

*Error from Finney District Court.*

THE opinion states the material facts.

*H. R. Boyd*, and *Brown, Bierer & Cotteral*, for plaintiff in error.

*Geo. E. Morgan, H. F. Mason*, and *Hopkins & Hoskinson*, for defendant in error.

Opinion by SIMPSON, C.: The material facts are: On the 1st day of December, 1888, the plaintiff in error was in the possession of a stock of drugs and drug-store fixtures, situate in a building on lot 10, in block 36, in Garden City, known as the "George H. De Waters drug store." The plaintiff in

error took possession of these goods under a claim that he had a chattel mortgage that was a first lien on said stock of drugs, to secure a *bona fide* indebtedness to him, and that the conditions of said chattel mortgage had been broken. On that day, to wit, the 1st day of December, 1888, the said George H. De Waters executed and delivered to the Finney County National Bank, to F. Finnup and R. M. Morton, a chattel mortgage on the same stock of drugs and drug-store fixtures, to secure the bank in the sum of $1,500, Morton in the sum of $550, and Finnup in the sum of $360. On this day these parties — the bank, Morton, and Finnup — commenced an action against De Waters, asking judgments for the respective amounts due the plaintiffs, and making other creditors of De Waters parties defendant, requiring them to answer and set up their respective liens, asking for the appointment of a receiver, the sale of the stock of merchandise, and an application of the proceeds of sale to the payment of the liens thereon in the order of their priority. An *ex parte* application by the plaintiffs in this action was made to the judge at chambers for the appointment of a receiver, and one was appointed on the said 1st day of December, 1888. The receiver took the oath and filed a bond as required by law, which was duly approved, and made a demand on Conwell for the stock of drugs and fixtures. Conwell refused to deliver them to the receiver. The judge of the district court made an order at chambers directing the sheriff to take the stock of drugs from Conwell and deliver them to the receiver, and this was done. The sheriff was ordered to bring Conwell before the judge to show cause why he should not be punished for contempt. The judge finally concluded that he had no power at chambers to punish Conwell for contempt, and ordered him to appear before the court on the 1st day of January, 1889, it being one of the judicial days of the regular January term of the district court of Finney county. On the 13th day of December, 1888, Conwell made an application for leave to sue the receiver in replevin to the judge of the district court at chambers, and leave was granted. Under the order

granting leave to sue, and on the 14th day of December, 1888, Conwell commenced an action in replevin against the receiver, an order of delivery was issued, and the sheriff put Conwell in possession of the stock of drugs. On the 14th day of January, 1889, the court, of its own motion, set aside the order allowing Conwell to sue the receiver in replevin, and then dismissed the action brought by Conwell. All proper exceptions were saved, a motion for a new trial was made and overruled, and the cause brought here for review.

On the hearing of the motion to vacate the order granting Conwell permission to sue the receiver in replevin, Conwell offered to show by De Waters that he had a valid *bona fide* chattel mortgage upon the property that was a first lien thereon, but this was refused. It appears from the record that the defendant in error alleges that Conwell held possession of the stock of goods under and by virtue of a bill of sale that was claimed to be fraudulent.

The power of the court to appoint a receiver must be exercised with great caution, and with a due regard to the rights and interests of all parties interested in the property. It is not to be allowed when other adequate remedy exists. (High, Receivers, 369.) It is only in extreme cases that a court will appoint a receiver for chattel property in possession of a mortgagee having the first lien, and the obvious reason for this is, that the statutes of the state authorize the mortgagee to take possession on condition broken, and this gives him the absolute legal right to possession; and, to authorize a receiver to take the possession of the mortgaged chattels away from one having apparently the first lien, there must be a very strong showing of fraud. This is familiar doctrine, to be found both in Beach and High on Receivers.

It is said by Jones on Chattel Mortgages, § 439:

"The appointment of a receiver of mortgaged chattels held by a mortgagee in possession will only be made in cases of pressing necessity, in order to secure the rights of the mortgagor, or others claiming under him."

A mortgagee in possession will not be dispossessed by the

appointment of a receiver, on the ground that the property in controversy is a newspaper and printing establishment, which it is desirous to sell as an active business in actual operation. (*Rapier v. Paper Co.*, 64 Ala. 330.) A mortgagee rightfully in the possession of mortgaged property cannot be deprived of it by the levy of an execution upon it, or the making of an attachment on it by a creditor of the mortgagor. (*Pike v. Colvin*, 67 Ill. 227; *Marsh v. Lawrence*, 4 Cow. 461; *Moore v. Murdock*, 26 Cal. 514; *Volney Stamps v. Gilman*, 43 Miss. 456; *Troy v. Smith*, 33 Ala. 469.) If an officer attempt to take the property upon an execution issued against the mortgagor, the execution not being a lien prior to the mortgage, the mortgagee is justified in forcibly resisting the officer. (*Wentworth v. People*, 4 Scam., Ill., 550.) But if the officer succeeds in taking the property, the mortgagee may sue him for conversion, and recover the value of the property, (*Worthington v. Hanna*, 23 Mich. 530; *Nelson v. Wheelock*, 46 Ill. 25,) or the value of his interest in the goods. (*Becker v. Dunham*, 27 Minn. 32; *Bailey v. Godfrey*, 54 Ill. 507.) A mortgagee of a chattel is entitled to the possession of it against a collector of taxes who, after the mortgage, has distrained it for a tax due the mortgagor. (*Fuller v. Day*, 103 Mass. 481.)

These citations are sufficient to show how strongly the courts regard the right of possession of a first mortgagee of chattels. Applying this principle to the facts in this case so far as they are developed by the record, we doubt whether the showing was sufficient to authorize the appointment of a receiver. The appointment was made on an *ex parte* application, in an action on chattel mortgages executed by the debtor to the plaintiffs at a time when the mortgaged property was in the actual possession of Conwell, the action being commenced within a few hours after the execution of the chattel mortgages. Conwell ought to have had notice of the application; he resided and the goods were situate in the same town in which the order was made. Under these circumstances, we regard the order made to allow Conwell to sue the receiver in replevin and determine his statutory right to the possession

of the goods as one in the interest of justice, and as one having a tendency to correct the doubtful order appointing the receiver. Conwell obeyed in letter and spirit the order allowing him to sue, and no good cause is shown why the permission to sue should be revoked. It is a matter resting very largely in the discretion of the court, but it is a legal discretion and not arbitrary power, and is to be exercised with due regard to the rights of parties. Under the peculiar circumstances of this case, we do not think it was a fair exercise of the discretionary power of the court to dismiss the action of replevin brought by Conwell against the receiver after permission to sue had been granted, in the interests of justice, as we deem it, after Conwell had complied with all the requirements of the order, after a large amount of costs must have been necessarily created, and after it is apparent that Conwell's right to possession can be speedily determined by this form of action. Of course, the appointment of the receiver cannot be questioned or passed upon in such action; the only inquiry being whether Conwell, by virtue of his chattel mortgage being a first lien on the chattels, is entitled to possession, or the receiver, by virtue of his appointment, and the order of the court directing him to take possession. If the chattel mortgage of Conwell is void, or fraudulent for any reason, it can be shown in this action as affecting his right to possession.

We recommend that the order of the district court revoking permission to sue the receiver and dismissing the action be reversed, and the cause remanded for trial.

By the Court: It is so ordered.

All the Justices concurring.