LORING v. AMERICAN TRANSP. CO.

(Circuit Court, D. Massachusetts.   June 16, 1905.)

No. 1,951.

CORPORATIONS—INSOLVENCY—RECEIVERS—FRANCHISE TAX—LIEN

Where a receiver of mortgaged personalty belonging to an insolvent corporation was appointed on the application of the mortgagee, the commonwealth was not entitled to priority of payment of a claim for a franchise tax assessed against the corporation, as provided by St. Mass. 1903, pp. 450–452, c. 437, §§ 75, 78, 83, as such tax did not create a lien on such mortgaged personalty superior to that of the subsequent mortgage.

In Equity.

John Noble, Jr., for complainant.
Frederick H. Nash, Asst. Atty. Gen., for defendant.

LOWELL, Circuit Judge.   The defendant corporation was organized under the laws of Maine September 6, 1902.   In September, 1903, a franchise tax became due by the defendant to the commonwealth of Massachusetts by virtue of St. Mass. 1903, pp. 450–452, c. 437, §§ 75, 78, 83.   On October 6, 1903, a part of the corporation's property was mortgaged to the complainant.   On March 29, 1904, this court appointed receivers of the corporation.   The collection of the tax was referred by the treasurer and receiver general to the Attorney General April 21, 1904.   The corporation is insolvent, and in the distribution of its assets by the receiver the commonwealth claims priority for the franchise tax over the claim of the mortgagee. The receivers ask the instructions of the court.

In Fuller v. Day, 103 Mass. 481, the Supreme Court of Massachusetts decided that personal property mortgaged after it had been assessed for taxes could not be sold for nonpayment of the taxes, so as to deprive the mortgagee of his right therein.   That case appears to be decisive of this.   If a tax on personal property does not create a lien thereon superior to the lien of a subsequent mortgage, a franchise tax upon a corporation does not create a lien upon its property superior to that of a subsequent mortgage.   Hence it follows that, if there had been no receiver appointed in this case, the commonwealth could have sold only the equity in the mortgaged property to pay the franchise tax.   The appointment of a receiver does not necessarily subordinate the otherwise prior claim of a mortgagee to the claim of the commonwealth.   Here the receiver was appointed upon the application of the mortgagee, and under some circumstances the court might have provided in the decree of appointment for priority of payment to the commonwealth out of the proceeds of the mortgaged property.   This provision was not made, however, and at the argument the claim of the commonwealth to priority of the tax was not urged on that ground.

Claim of the commonwealth of Massachusetts disallowed.