THE MCNEAL MACHINERY COMPANY, *Appellant,* v. THE EMPIRE BRICK AND GAS COMPANY *et al., Appellees.*

No. 16,907.

SYLLABUS BY THE COURT.

1. REPLEVIN — *Property in Hands of Receiver* — *Discretion of Court.* Whether a claimant shall be permitted to bring replevin for property in the hands of a receiver or required to seek a remedy in the proceeding in which the receiver was appointed, is ordinarily a matter resting within the discretion of the court.

2. ——— *Leave to Sue Receiver May be Withdrawn.* Where leave to sue a receiver is granted *ex parte,* without specifying the character of the action, and replevin is brought for property in his official custody, the court may ordinarily, in its discretion, withdraw such leave and dismiss such action.

3. ——— *Dismissal of Action—Not Error.* Where such a replevin action is dismissed upon a motion of the receiver filed therein asking a withdrawal of the leave to sue and a dismissal of the replevin action, the dismissal will not be reversed because no evidence was introduced, or because no formal order was made withdrawing the leave to sue.

Appeal from Wilson district court. Opinion filed July 7, 1911. Affirmed.

*S. C. Holmes,* and *F. C. Wade,* for the appellant.

*E. D. Mikesell,* for the appellees.

The opinion of the court was delivered by

MASON, J.: The McNeal Machinery Company began an action of replevin for the recovery of certain machinery which it claimed as owner, against several individuals, The Empire Brick and Gas Company, a corporation formed by them, and M. McGrath, receiver of that corporation. The petition alleged that all the defendants wrongfully detained the property, that McGrath had been duly appointed and qualified as such receiver, and that the plaintiff had obtained leave of the court to sue him in that capacity. A writ was issued and the property taken. The defendants retained it by giving a redelivery bond. The receiver then filed a motion, asking the court to set aside the order granting leave to sue him, and to dismiss the replevin action. The other defendants filed similar motions. The court made an order dismissing the action and releasing the sureties on the redelivery bond. The plaintiff appeals.

The plaintiff, who was not a party to the action in which the receiver was appointed, contends that it would have been error to dismiss his case even if all the facts regarding the receivership had been before the court, and that it was at all events error because no evidence whatever was introduced in the replevin action.

Of course judicial notice is not ordinarily taken of proceedings in another case. Here, however, the plaintiff pleaded that McGrath was the receiver, and that he had obtained leave to sue him as such. Although the receiver's motion to vacate the order allowing him to be sued was incorporated in the motion to dismiss the replevin action, and filed only in that case, the application was obviously treated as though pending in both proceedings, and the dismissal of the action against the receiver was in effect a rescinding of the order giving

permission to sue him. Under such circumstances, the court being fully advised of the actual situation, and there being no real dispute as to the facts, no prejudice could result from a failure formally to prove, on the hearing in the motion, that the property claimed was a part of that of which the receiver had been ordered to take charge.

It was competent for the court that granted leave to sue the receiver to withdraw that permission. (34 Cyc. 421; High, Receiv., 4th ed., § 254d.) Whether the permission should be withdrawn was a matter of discretion, not ordinarily reviewable. In *Conwell v. Lowrance,* 46 Kan. 83, such an order was reversed, but upon the theory that under the circumstances it amounted to an abuse of discretion. Here neither the request to sue the receiver nor the order granting such leave (which appears to have been merely *ex parte*) specified the character of the action to be brought. The court doubtless concluded that as the personal property involved was a part of that of which the receiver had official custody, a separate proceeding to deprive him of its possession ought not to be instituted. We can not say that this view was mistaken. The leave to sue being withdrawn the dismissal of the action and the release of the sureties followed as a necessary consequence. The situation was much the same as though the original application had been denied.

"Generally it is considered to be a matter within the discretion of such court whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. . . . It is held that . . . the court is not precluded by the granting of leave on an *ex parte* application from subsequently dismissing the suit upon a hearing, if the proceeding involves the disposition of the property, and remitting the party to his remedy in the receivership suit. In most cases of claims against a receiver, or the fund or property in his hands, the remedy by application in the cause is adequate. Any person having

such a claim may resort to this summary remedy. The fund or property being held by the court, by its receiver, in trust for those entitled to it, or to be paid out of it, the court may administer justice to claimants without suit, upon special application, and relief may be awarded a petitioner in this 'court, although his cause of action is within the jurisdiction of a court of law." (34 Cyc. 420.)

"It rests wholly with the discretion of the court to grant leave to bring an independent action against its receiver, or to determine the controversy upon petition in the original cause, directing, if necessary, an issue to be tried by a jury as to questions of fact or of damages." (High, Receiv., 4th ed., § 254*b*.)

(See, also, *The State v. Bank,* 84 Kan. 366, 371.)

It has been held that "the court can not properly refuse leave to bring an action at law upon a purely legal right, when the applicant comes in asking for a trial at law and by jury." (34 Cyc. 419.) But our code has abolished the distinction between actions at law and suits in equity, and if a litigant is actually entitled to a jury as a matter of right it can be awarded to him regardless of the form of the proceeding. (*Atkinson v. Crowe,* 80 Kan. 161; *Crowe v. Atkinson,* post; *Gordon v. Munn,* 83 Kan. 242.)

The judgment is affirmed.