[Civ. No. 5335.   Third Appellate District.—June 6, 1935.]

ROY S. GARRIS et al., Appellants, v. E. FORREST MIT-CHELL, Insurance Commissioner, etc., et al., Respondents.

V. P. Lucas and H. G. Bodkin for Appellants.

John J. Taheny, Syril S. Tipton, Elmer E. Sawyer, Newlin & Ashburn, C. J. Harrison, Frank L. Guerena, U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondents.

COATS, J., *pro tem.*—At the time of the filing of the complaint the defendant, E. Forrest Mitchell, was the Insurance Commissioner of the State of California, and had been appointed receiver for the defendant, Union Automobile & Casualty Company, a corporation.

Plaintiffs filed in the Superior Court, in and for the County of Los Angeles, an affidavit in which they state that they have a cause of action against said Insurance Commissioner as such receiver, and that the proceedings whereby he was appointed receiver were taken in an action brought, and then pending in said Superior Court, in and for the County of Los Angeles. The court then made its order granting plaintiffs leave to bring the present action. The demurrers of the defendants to plaintiffs' amended complaint were sustained without leave to amend, and from such judgment plaintiffs appeal.

The plaintiffs allege in their amended complaint the facts to be as follows: Plaintiffs are general creditors of the defendant, Union Automobile & Casualty Company, a corporation. The defendants, International Re-insurance Corporation, Associated Fire & Marine Insurance Company and Independence Indemnity Company, were also general creditors of said Union Automobile & Casualty Company. There are also a large number of other general creditors of said company. E. Forrest Mitchell, as Insurance Commissioner of the State of California, brought an action in the Superior Court, in and for the county of Los Angeles, against said Union Automobile & Casualty Company, under the provisions of the Act of April 30, 1919 (Stats. 1919, p. 265, Deering's Gen. Laws, Act 3739), and on June 3, 1932, he was appointed receiver for said company, and took possession of its assets. The Insurance Commissioners and the three defendants, International Re-insurance Corporation, Associated Marine Insurance Company and Independent Indemnity Company, then entered into a conspiracy to create an unlawful preference, and to defraud plaintiffs and the other general creditors by paying to said insurance companies ninety per cent of their respective claims and without making the same proportionate payment, or any payment to the other general creditors. These claims were in the following amounts, to wit: International Re-insurance Corporation, $98,481.74; Associated Fire & Marine Insurance Company, $36,543.96, and Independence Indemnity Company, $12,065.48. Pursuant to said conspiracy said receiver paid to said Insurance Company ninety per cent of their respective claims. The payments were made in violation of his trust as such receiver, and in violation of the orders of the court, and he refuses to take

action for the recovery of said payments. As a result thereof the assets of the receivership have been depleted, and the plaintiffs and the other general creditors have been deprived of their just proportion thereof, the assets of said corporation not being sufficient to enable said receiver to make the same proportionate payment to the other general ·creditors. The complaint also alleges that the defendant, E. Forrest Mitchell, will continue to create unlawful preferences, and to waste the assets in his possession. The prayer of the complaint is for the removal of the Insurance Commissioner as receiver; for the appointment of another receiver in his stead; for the return by the said Insurance Company, defendants, of the moneys unlawfully paid them to the receivership, and for other and general relief. Those allegations upon this appeal must be taken as true. The defendant, Union Automobile & Casualty Company, has filed no brief upon this appeal.

The defendants, International Re-insurance Corporation and Independence Indemnity Corporation, filed a joint demurrer. The other defendants demurred separately, the Insurance Commissioner being represented by the attorney-general.

The defendants differ in the manner of their presentation of the questions to be determined upon this appeal. There is, however, no dissension among the defendants as to the general principles of law involved. This court will, therefore, consider the questions involved on this appeal, without regard to the order of their presentation in the various briefs.

To a large extent the general and special demurrers depend upon this question: Has a general creditor the right to maintain an action of this nature against the Insurance Commissioner after he, in his official capacity, has been appointed receiver thereof by a court of competent jurisdiction? Many of the other points raised are incidental to, and are involved in the determination of this main question. Respondents first contend that the plaintiffs should have been compelled to seek their remedy in the action wherein the defendant Insurance Commissioner was appointed receiver. A court of equity, having assumed jurisdiction of the subject matter, may retain that jurisdiction and require all matters relating thereto to be litigated in the same action. This has been the usual practice in the state of California, and it

might have been better for the court to have followed this practice. It is, however, well established that, upon application, the court may grant leave that an independent action be brought. (*De Forrest* v. *Coffey*, 154 Cal. 444 [98 Pac. 27] ; *State* v. *State Bank of Circleville*, 84 Kan. 366 [114 Pac. 381].) It is within the discretion of the court to determine which course to adopt. In the present action the court, in the exercise of such jurisdiction, granted plaintiffs leave to bring an independent action.

The complaint does, in ordinary and concise language, contain all the allegations ordinarily essential to a cause of action for fraud or conspiracy. Respondents, however, advance the argument that, when it appears from the face of the complaint that the Insurance Commissioner has under authority of court taken possession of the assets of an insurance corporation, he is the only person authorized to maintain an action to recover the assets of the corporation. The Insurance Commissioner under such circumstances is the trustee of those who are properly entitled to share in such assets and it is his duty to conserve and protect their interests. (*De Forrest* v. *Coffey, supra.*)

It has accordingly been held that while he is in charge of the receivership, he is the person to sue to collect the assets of the estate, and that the creditors under ordinary circumstances have no right to maintain such an action. The rule cannot, however, be invoked by the receiver to gain immunity for his own fraudulent acts.

As a general principle of law, it has uniformly been held that, when a receiver, such as a commissioner of banks, a building and loan commissioner, or an insurance commissioner, has himself been guilty of fraud, he is not above the law, but is amenable to the process of law, and that suit may be instituted against him by a stockholder or creditor to conserve or repossess the assets of the receivership. (*Shaw* v. *Garner*, (Tex. Civ. App.) 56 S. W. (2d) 274; *Taylor* v. *Spurway*, 72 Fed. (2d) 97.) It has likewise been held that the comptroller of currency and the receiver liquidating the business of a bank, are amenable to law, and may be sued by the creditors in case they exceed their powers, or waste the estate, or fail to act to recover the property of the receivership. (*Wittnebel* v. *Loughman*, 9 Fed. Supp. 465. The like rule applies to trustees in bank-

ruptcy. (*Berman* v. *Smith*, 171 Fed. 735.) In fact, the rule is elementary, and is but a restatement of the law that when a trustee neglects to protect the trust property or repudiates or violates his trust, the beneficiaries may sue to enforce the trust. As to the cases cited by respondents, they either do not involve fraud on the part of the receiver or his refusal to act, or the plaintiffs sued without applying for leave, or, after having applied for such leave, and being denied the same. They also mainly relate to actions against directors, officers and persons, other than the receiver, to recover property of the receivership. The law, as herein declared, has been recognized in this state. (*Richardson* v. *Superior Court*, 138 Cal. App. 389 [32 Pac. (2d) 405].) It is apparent that the complaint states a cause of action, and that plaintiffs, having obtained leave to sue, are entitled to maintain this action.

There is no merit in the special demurrers based on uncertainty, unintelligibility and ambiguity, or on the ground that several causes of action have been improperly united, or are not separately stated. The complaint is in one count, and in ordinary and concise language, states a cause of action for fraud and misapplication of funds in the hands of the receiver, in the perpetration of which fraud the three defendant Insurance Companies, general creditors of the receivership, participated.

Respondents also urge that it will be presumed that the Insurance Commissioner acted in the proper exercise of his functions. In view of the express allegations of the complaint to the contrary, there can be no such presumption.

The defendant, E. Forrest Mitchell, urges that, by reason of the fact that as a matter of law the only person entitled to act as receiver, is himself, as Insurance Commissioner, and as plaintiffs seek to oust him as such receiver, and to secure another receiver in his stead, the complaint for this reason does not state facts sufficient to constitute a cause of action. It is conceivable that circumstances might arise when a court of equity, in the exercise of its jurisdiction, might oust the commissioner and appoint a receiver in his stead. (*Richardson* v. *Superior Court, supra.*) A determination of this question is, however, foreign to the present inquiry. The complaint states a cause of action for fraud, and contains a prayer for general and other relief to which

plaintiffs would be entitled should they sustain the allegations of the complaint. It is no ground for demurrer that the relief prayed for is greater than warranted by the facts as disclosed by the complaint. In *Taylor* v. *Spurway, supra,* the complaint contained a similar prayer and the court made a like ruling.

■ Respondents point out that the receivership action was pending in department 47, and that the order granting leave was made in department 1, and that, before plaintiffs could maintain this action, it was necessary for them to obtain permission from department 47. There is but one superior court in the county of Los Angeles. Although such court is divided into a number of departments to expedite the business of the court, the proceedings had are to be governed by the same rules as if the two actions were in a court with but a single judge. (*Brown* v. *Campbell,* 110 Cal. 644 [43 Pac. 12] ; *People* v. *Martino,* 113 Cal. App. 661 [299 Pac. 86].) The order granting leave was made by the court in which the receivership action was pending.

The court erred in sustaining the demurrers.

The judgment is reversed, with directions to the trial court to overrule the demurrers of defendants to plaintiffs' amended complaint, and to allow defendants a reasonable time to file answers if so advised.

Plummer, J., and Pullen, P. J., concurred.