EMPLOYERS INSURANCE OF WAUSAU, Petitioner-Appellant,

v.

COMMISSIONER OF the DEPARTMENT OF INSURANCE, Department of Insurance, State of Indiana, Liquidator & Plaintiff-Appellees,

and

Comparison National Insurance Co. of America, Non-participating Appellee.

No. 2–183A11.

Court of Appeals of Indiana, First District.

Aug. 18, 1983.

Thomas D. Titsworth, Francis J. Gantner, John M. Rogers, Bamberger & Feibleman, Indianapolis, for petitioner-appellant.

James L. Tuohy, William J. Wood, Wood Tuohy Gleason Mercer & Herrin, Indianapolis, for appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Marion County Superior Court, pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6), dismissed the Petition to Surcharge Rehabilitator filed by the appellant-petitioner, Employers Insurance of Wausau (Employers), against the Commissioner of the Department of Insurance (Commissioner), in his official capacity as Rehabilitator and Liquidator of Comparison National Insurance Company of America (Comparison).[1] From this dismissal Employers now appeals. We reverse and remand.

## FACTS

On July 19, 1978, the Commissioner was appointed by the Marion Superior Court as rehabilitator of Comparison pursuant to the provisions of Indiana Code Sections 27–1–4–1 through 30.[2]

The Commissioner proceeded with the rehabilitation process, and following his procurement of the court's December 5, 1978, order, made a pro rata distribution of Comparison's assets to ten different reinsurers of the company. Employers, also a reinsurer of Comparison, was not included in this distribution.

Subsequently, on June 28, 1979, Employers filed its Petition to Surcharge Rehabilitator which stated:

"The petition of Employers Insurance of Wausau respectfully shows:

1. On July 19, 1978, the Court entered an order appointing H.P. Hudson, Commissioner of Insurance of the State of Indiana, as Rehabilitator of Comparison National Life Insurance Company of America.

2. Employers Insurance of Wausau is a reinsurance creditor of Comparison National Life Insurance Company of America holding a claim in excess of Two Hundred Thousand Dollars ($200,000).

3. On July 25, 1978, the Rehabilitator filed a proposed plan of rehabilitation contemplating negotiated settlement and payment of claims and the recapitalization of the debtor corporation. At the hearing upon the proposed plan of rehabilitation, petitioner appeared by counsel and objected to any distribution until such time as all claims had been fixed and allowed, in order that all creditors would

1. The petition also sought relief from the Department of Insurance and State of Indiana.

2. These provisions have since been repealed. For current law see IC §§ 27–9–1–1 through 27–9–4–10.

receive their equitable pro-rata share of the assets of this estate.

4. On October 26, 1978, the Rehabilitator filed in these proceedings a plan of rehabilitation pursuant to which he proposed to report to the Court, within sixty (60) days after the entry of an order approving the plan of reorganization, the ability of the debtor corporation to make settlement of reinsurance contracts in force and demonstrate to the Court that liabilities of the company would not exceed its assets. Step III of the plan provided that the Rehabilitator would not dispurse [sic] any funds toward the settlement of reinsurance contracts until all such settlements had been agreed upon and completed. .

5. On December 5, 1978, the Rehabilitator filed a petition for instructions requesting authority to pay from the assets of this estate the sum of Five Hundred Eighty-Four Thousand Seven Hundred Forty-Four Dollars and Fifty-Eight Cents ($584,744.58) in settlement of claims of ten reinsurers. In this petition, the Rehabilitator represented to the Court that rehabilitation appeared feasible and, at least by implication, that the liabilities of the debtor corporation would not exceed its assets at the date of rehabilitation. The Rehabilitator's requested distribution was approved by order of the Court entered December 5, 1978, without notice to parties in interest other than the Department of Insurance and counsel for the debtor corporation. ·

6. On May 2, 1979, the Rehabilitator filed a petition for authority to suspend further payments authorized under the Court's order of December 5, 1978, representing that all but two of the settlements authorized under the December 5, 1978 order had been completed, there were other creditors of Comparison National Life Insurance Company of America whose claims had not been dealt with under the December 5, 1978 order of the Court, and that, if certain claims of the debtor corporation against retrocessionaires were not recovered, rehabilitation could not be accomplished.

7. Your petitioner alleges on information and belief that Comparison National Life Insurance Company of America has been since the institution of these proceedings, and remains, hopelessly insolvent. Petitioner further alleges that, in procuring the Court's order of December 5, 1978, the Rehabilitator, either knowingly or negligently missrepresented [sic] to the Court that the proposed distribution satisfied the claims of all reinsurance creditors of this estate and that the debtor would be solvent at the date of rehabilitation.

8. Petitioner has made demand upon the Rehabilitator to institute suit to recover the payments made to the reinsurers under color of the Court's order entered December 5, 1978, but the Rehabilitator has refused and failed to take this action.

9. By reason of the above distribution to certain creditors, the Rehabilitator has defeated the right of remaining creditors, including petitioner, to their equitable pro-rata share of this insolvent estate and the Rehabilitator should be surcharged.

10. It has been necessary for petitioner to employ counsel in connection with this petition and all proceedings to be had in connection with same, and its counsel should be allowed reasonable compensation commensurate with any benefits conferred upon creditors of this estate by reason of this action.

WHEREFORE, petitioner prays for an order:

1. Vacating the Court's order dated December 5, 1978; ·

2. Surcharging the Rehabilitator and the State of Indiana to the extent of the aggregate payments made to those reinsurers set forth in the Rehabilitator's petition filed in these proceedings on December 5, 1978 or, in the alternative, to the extent that those creditors have received more than their equitable pro-rata share of the assets of this estate;

3. Allowing counsel for petitioner reasonable compensation for services rendered, and petitioner prays for such other

and further relief as may be just and proper in the premises."

Record at 13–15.

The Commissioner's initial motion to dismiss the petition was denied. However, he later determined Comparison could not be rehabilitated and began liquidation proceedings, at which time he renewed the motion to dismiss, premised on the grounds the petition failed to state a claim upon which relief could be granted.

Following a hearing on the Commissioner's motion, the trial court dismissed the petition pursuant to T.R. 12(B)(6).

## ISSUE

Employers has presented a single issue for review. It can be stated as follows:

Did the trial court err in finding Employers' petition failed to state a claim upon which relief could be granted?

## DISCUSSION AND DECISION

The trial court erred in finding Employers' petition failed to state a claim upon which relief could be granted.

■ In reviewing a dismissal premised upon T.R. 12(B)(6) our standard of review is well established. Motions to dismiss are not favored in the law. *Hall-Hottel Co. v. Oxford Square Co-op., Inc.,* (1983) Ind.App., 446 N.E.2d 25, 28, *trans. denied; William S. Deckelbaum Co. v. Equitable Life Assurance Society of the United States,* (1981) Ind.App., 419 N.E.2d 228, 230. Thus, we seek to determine whether the complaint, or as in the instant case the petition, stated any allegations whatsoever upon which relief could have been granted. *Baker v. American States Insurance Co.,* (1981) Ind. App., 428 N.E.2d 1342, 1345, *trans. denied.* Only when the allegations present no possible set of facts upon which the complainant can recover is a motion to dismiss properly granted. *Glasgo v. Glasgo,* (1980) Ind.App., 410 N.E.2d 1325, 1327, *trans. denied.* Finally, in making its determination a trial court

must accept as true all allegations made by the complainant, and view the motion in a light most favorable to the non-moving party. *Hall-Hottel,* at 28; *Deckelbaum,* at 230.

The instant case presents a question heretofore not addressed by this court. Essentially, Employers has attempted to surcharge the Commissioner, in his official capacity, as well as the Department of Insurance and State of Indiana, for the amount it would have received had it been included in the pro rata distribution of Comparison's assets as ordered by the trial court on December 5, 1978. None of the cases interpreting the applicable statutory provisions have addressed this precise issue. However, from our review of those provisions we believe Employers has stated a cause of action worthy of being addressed on the merits.[3]

■ In reaching this conclusion we note that Indiana Code Section 27–1–4–17 provides, *inter alia,* "The department [of insurance] when in charge of the assets of any insurance company may be sued in its capacity as holder and owner of said assets in any action relating thereto . . ." provided it is instituted in the court having jurisdiction of the proceedings initiated by the department. Hence, insofar as the Commissioner is the representative of the department, Indiana Code Section 27–1–1–1 through 2, it is only proper that he be named in any cause of action involving the department.

Additionally, while the Commissioner is exempt from "individual" liability for acts performed in connection with his duties, Indiana Code Section 27–1–3–1, Employers' petition does not seek to hold him individually liable. Rather, Employers seeks to predicate liability upon the Commissioner in his *official* capacity. Thus, the statutory exemption does not shield the Commissioner from the allegations contained in the petition.

■ Furthermore, by virtue of Indiana Code Section 27–1–4–9(b), the trial court

---

**3.** This is not to say Employers should necessarily prevail on the merits of its petition. *See*

*Baker,* at 1345.

was vested with broad authority to grant any equitable relief it deemed necessary. That section provides:

> "Such court may at any time during a proceeding under this article issue such other injunctions or orders as may be deemed necessary to prevent interference with the department or the proceeding, or waste of the assets of the insurance company, or the prosecution of any actions, or the obtaining of any preferences, judgments, attachments or other liens, or the making of any levy against the insurance company or against the assets or any part thereof."

*Id.* As we construe this section we believe it clearly conferred upon the trial court the authority to grant the relief requested by Employers inasmuch as the surcharge would have facilitated the prevention of waste of Comparison's assets as well as the attainment of preferences by the other reinsurers.

In light of these statutory provisions we turn now to the specific allegations of Employers' petition. Therein, Employers alleged that despite the fact its attorney entered an appearance on its behalf prior to the December 5 order, it did not receive notice of that order. Hence Employers charges, it was unable to register its opposition to the order before the distribution occurred.

Further, Employers alleged the Commissioner procured the order by knowingly or negligently misrepresenting to the court that the proposed distribution satisfied the claims of all reinsurance creditors of Comparison. This, Employers charged, resulted in it being wrongfully deprived of its equitable pro rata share of Comparison's assets.

On these grounds Employers requested the court to vacate its December 5 order and surcharge the Commissioner and State of Indiana to the extent of the aggregate payments made to the reinsurers, or alternatively, to the extent the reinsurers received more than their equitable pro rata share.

The Commissioner disputed these allegations claiming that Employers' counsel was not of record in the proceedings, but nevertheless had received notice of the December 5 order. However, when faced with the Commissioner's motion to dismiss, the trial court was obliged to view Employers' allegations as true. *Hall-Hottel,* at 28; *Deckelbaum,* at 230. This the trial court obviously failed to do.

Viewing Employers' allegations as true, and in light of the statutory provisions heretofore discussed, we believe the petition stated facts sufficient to withstand an attack premised upon T.R. 12(B)(6).

■ Applying the foregoing analysis, we believe Employers was entitled to institute a cause of action against the Department of Insurance in the name of the Commissioner. IC §§ 27–1–4–17 and 27–1–1–1 through 2. Moreover, the trial court was clearly empowered with authority to grant the relief requested. IC § 27–1–4–9(b). Employers, of course, would have to establish that the Commissioner had in fact either negligently or knowingly misrepresented facts to the trial court in procuring the December 5 order, and that this led to it being wrongfully deprived of its pro rata share of Comparison's assets; however, the trial court was obliged to accept Employers' allegations as true when faced with the Commissioner's motion to dismiss. Had the trial court viewed the petition in this light we believe it would have been constrained to find, as we do here, that Employers had alleged sufficient facts to state a claim upon which relief could be granted.

In reaching our conclusion we acknowledge there was little in the way of authority to guide the trial court in its decision. However, we do find the holding in *Garris v. Mitchell,* (1935) 7 Cal.App.2d 430, 46 P.2d 225, to be instructive. Therein, a general creditor of an insurance company which had been placed in receivership filed a complaint against the receiver, the insurance commissioner of the State of California, and several reinsurance companies, alleging that the defendants had conspired to create a preference for the reinsurers in the distribution of assets, thereby defrauding the

plaintiff and other general creditors. The trial court sustained the defendants' joint demurrer to the complaint.

The California Court of Appeals reversed, however, and stated the issue before it as follows: "Has a general creditor the right to maintain an action of this nature against the insurance commissioner after he, in his official capacity, has been appointed receiver thereof by a court of competent jurisdiction?" *Id.* at 433 and 46 P.2d 227. The court concluded the plaintiff had indeed asserted a valid cause of action. In so holding the court acknowledged that under "ordinary circumstances" creditors had no right to sue the commissioner for the collection of assets, *id.* at 434 and 46 P.2d 227; however, the court noted that

> "[a]s a general principle of law, it has uniformily been held that when a receiver, such as ... an insurance commissioner, has himself been guilty of fraud, he is not above the law, but is amenable to the process of law, and that suit may be instituted against him by a stockholder or creditor to conserve or repossess the assets of the receivership."

*Id.* at 434 and 46 P.2d 227–28.

██ Likewise, in the present case Employers sought to hold the Commissioner liable, in his official capacity, for procurement of the December 5 order whereby it was denied its pro rata share of Comparison's assets. We agree with the *Garris* court that where the Commissioner, in his official capacity, has wrongfully dissipated assets to the detriment of a creditor such as Employers, he is not above the law.

Having reached this conclusion we must address the Commissioner's contention that Employers' petition was nonetheless defective because it failed to sufficiently plead the allegation of fraud. Specifically, the Commissioner argues that Employers failed to allege fraud pursuant to the requirements of Indiana Rules of Procedure, Trial Rule 9(B). Trial Rule 9(B) states: "Fraud, mistake, condition of mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred. Malice, intent, knowl-

edge, and other conditions of mind may be averred generally." *Id.*

In further support of his contention the Commissioner refers us to *Cunningham v. Associates Capital Services Corp.* (1981) Ind. App., 421 N.E.2d 681, wherein Judge Shields more fully defined the requirements of T.R. 9(B).

"Ind.Rules of Trial Procedure, T.R. 9(B) requires that in all averments of fraud or mistake the circumstances constituting fraud or mistake *shall* be specifically averred. While, as a general rule, our rules of procedure require only notice pleading, T.R. 9(B) constitutes an exception to the general rule. This rule requires that circumstances of fraud and mistake be *specifically* pleaded. As stated by Professor Harvey:

> 'The circumstances constituting fraud or mistake must be stated with particularity. In general the circumstances of fraud would be the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was procured by the fraud. *U.S. v. Hartmann,* D.C.Pa.1942, 2 F.R.D. 477. In order to state a claim the pleader must also allege the elements of fraud, which are generally stated as follows: a representation of an existing fact; its materiality; its falsity; the speaker's knowledge of its falsity or ignorance of its truth; his intent that it should be acted upon by the person to whom it is made; ignorance of its falsity on the part of the person to whom it is made; the latter's reliance on the truth of the representation; his right to rely upon it; and his consequent damage. However, it is not proper to plead detailed evidentiary matter. Rule 9(B) must be read with Rule 8 requiring short and concise statements of claim.'

1 W. Harvey, Indiana Practice § 9.2 at 542."

*Cunningham,* at 683 n. 2 (emphasis original).

██ We find, however, that the requirements of T.R. 9(B) must be tempered with

the language found in *Holliday v. Perry,* (1906) 38 Ind.App. 588, 598, 78 N.E. 877, 880, wherein this court stated: "If the facts alleged *show* fraud, either actual or constructive, no positive averments of fraud are necessary." *Id.* (emphasis added). Construed together, we believe the language of *Holliday* and the requirements of T.R. 9(B) to mean that the actual word "fraud" need not necessarily be alleged, provided the averments made sufficiently establish that fraudulent conduct is the bases of the action.

■ Thus, viewing the petition in this light we believe fraud was sufficiently alleged. Employers clearly stated the specific circumstances giving rise to its claim; namely, that the Commissioner had either knowingly or negligently misrepresented to the trial court that all reinsurance creditors entitled to a pro rata share of Comparison's assets were included in the December 5 order, and that the proposed distribution would not render Comparison insolvent. As a result, Employers alleged, it was deprived of its pro rata share. These allegations clearly stated the substance of the false representations as well as what was procured by the Commissioner. Moreover, the petition alleged the intent of the Commissioner and the consequent harm to Employers. Thus, we find the petition met the requirements of T.R. 9(B).

■ However, even if the petition was deficient in its allegations of fraud, we believe it still was sufficient to state a cause of action. In the petition Employers not only alleges a knowing misrepresentation, but it also includes an allegation that the misrepresentation was, in the alternative, negligent. Hence, even without the allegation of fraud, the petition nevertheless stated a cause of action in terms of negligence.

Finally, the Commissioner argues that the trial court's dismissal of the petition should be affirmed by virtue of Indiana Code Section 34–4–16.5–3, which provides public officials with immunity for tortious acts committed in the performance of their duties.

This issue, however, is not properly before us. At no time in the trial court proceedings did the Commissioner raise the issue of immunity. He may not now at this late juncture raise it for the first time. *McQueen v. City of Indianapolis,* (1980) Ind. App., 412 N.E.2d 138, 142 (on petition for rehearing); *Noble v. Moistner,* (1979) 180 Ind.App. 414, 388 N.E.2d 620, 622–23; *Miller v. Griesel,* (1974) 261 Ind. 604, 608, 308 N.E.2d 701, 704–05.

Because we find Employers' petition stated a claim upon which relief can be granted, the cause is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ROBERTSON, P.J., and NEAL, J., concur.