464 So.2d 656 (1985)
Angelo NOTARFONZO, Appellant,
v.
Denise KLINE, Appellee.
No. 84-1668.
District Court of Appeal of Florida, Fourth District.
March 6, 1985.
*657 William S. Friedlander of Friedlander, Friedlander, Reizes & Joch, P.C., Ithaca, New York, for appellant.
David A. Cairns of Samuel A. Block, P.A., Vero Beach, for appellee.
DOWNEY, Judge.
Appellant, Angelo Notarfonzo, seeks review of a non-final order finding that the Nineteenth Judicial Circuit Court in and for Indian River County had jurisdiction to determine the custody of the minor child of the parties and that appellant was required to pay temporary child support to appellee.
Appellee commenced the litigation by filing a complaint pursuant to the Chapter 742, Florida paternity statute. In said complaint appellee requested a determination of paternity and an award of custody and child support. Appellant responded by filing a motion to dismiss based on lack of subject matter jurisdiction, contending that jurisdiction was properly in New York State under the Uniform Child Custody Jurisdiction Act. In addition, appellant filed an answer and counter-petition wherein he admitted paternity and sought custody of the child. On February 3, 1984, the trial court entered an order finding appellant to be the natural father, allowing appellee to file an amended complaint, and retaining jurisdiction to determine support for the child. Thereafter, appellee filed an amended complaint setting forth in more detail the facts surrounding the child's residence over the past several years and other facts pertaining to custody. Appellant once again moved to dismiss for lack of subject matter jurisdiction and filed an answer and counter-petition for custody.
On July 3, 1984, the trial court entered the order under consideration here denying appellant's motion to dismiss on the ground that the complaint was filed under Chapter 742, Florida Statutes, which provides for a determination of paternity, support, and custody. Appellant was ordered therein to pay temporary support for the child based upon the determination of paternity in the prior February 3, 1984, order.
Appellant contends the trial court erred in denying his motion to dismiss for lack of jurisdiction because under the Uniform Child Custody Jurisdiction Act, the Florida court had no jurisdiction. Appellee responds, and the trial court held, that the Uniform Act is not applicable because this proceeding is authorized by a specific chapter of the Florida Statutes and is not controlled by the Uniform Act.
We agree with appellee and the trial court. As the Florida Supreme Court held in Kendrick v. Everheart, 390 So.2d 53, 56 (Fla. 1980):
[T]he purpose of the paternity statute, chapter 742, is to afford a basis on which a court may order child support from a man adjudicated to be the father of the illegitimate child... . The paternity statute was enacted in abrogation of the common law in order to convert the father's moral obligation to provide child support to a legal obligation and in order to relieve the public of the need to provide support for the child... . The determination of paternity is made only incidentally to enable achievement of the statute's purposes. [Citations omitted].
*658 A further purpose of the statute is to determine any question regarding custody of the child. Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984).
Although the major thrust of appellant's argument had to do with subject matter jurisdiction as affected by the Uniform Act, appellant also contends in his brief that the court lacks personal jurisdiction because service of process was inadequate. Appellee purported to serve appellant in New York under the authority of section 48.193, Florida Statutes (1983), which, in our judgment, was inadequate service because appellant did not fit into any of the categories authorizing use of such service. However, we further hold that appellant waived the objection to personal jurisdiction by his failure to properly raise that question in the first step taken by him in this case. Consolidated Aluminum Corporation v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982). Appellant based his motion to dismiss on lack of subject matter jurisdiction and this waived the argument here.
In view of the foregoing we affirm the order appealed from.
LETTS and GLICKSTEIN, JJ., concur.