**In the Matter of PATERNITY OF the Infant Male ROBINAUGH.**

**Elizabeth L. ROBINAUGH, Appellant–Respondent,**

**v.**

**James A. ROGERS, Jr., Appellee–Petitioner.**

**No. 92A05–9212–JV–433.**

Court of Appeals of Indiana, Fifth District.

July 6, 1993.

Rehearing Denied Aug. 19, 1993.

Robert E. Stochel, Hoffman & Stochel, Crown Point, for appellant-respondent.

BARTEAU, Judge.

Elizabeth Robinaugh, an Arizona resident, appeals the trial court's denial of her motion to dismiss James Rogers' Petition to Establish Paternity. She argues that her motion should have been granted because the Indiana court has no personal jurisdiction over her. We disagree and affirm.

## FACTS

As this is an appeal from a motion to dismiss, we must consider the facts most favorable to the non-movant. *Employers Ins. of Wausau v. Comm'r of Dep't of Ins.* (1983), Ind.App., 452 N.E.2d 441. James Rogers, the putative father, is a resident of Arizona. Though not married, he and Robinaugh were living together in Arizona when Robinaugh became pregnant. Without notifying Rogers, Robinaugh left Arizona and on May 7, 1992, gave birth to a baby boy in Fort Wayne, Indiana. After being discharged from the hospital, the baby remained in Indiana with his prospective adoptive parents and Robinaugh returned to Arizona. The adoptive parents have filed a petition for adoption with the Whitley Circuit Court.

Upon learning that Robinaugh had left Arizona, Rogers filed a paternity action in Arizona. He later filed a Verified Petition to Establish Paternity in the Whitley Circuit Court. Robinaugh moved to dismiss the Arizona petition on June 16, 1992, and moved to dismiss the Whitley Circuit Court petition on July 23, 1992. There is no indication in the record what action has been taken on the Arizona proceedings; however, the Whitley Circuit Court denied Robinaugh's motion to dismiss. It is from this denial that Robinaugh brings this interlocutory appeal.

## DISCUSSION

█ We first note that Rogers has not filed an appellee's brief. When an appellee fails to file a brief, the decision of the trial court may be reversed upon a showing of *prima facie* error. *Matson v. Matson* (1991), Ind.App., 569 N.E.2d 732. *"Prima facie* error is error appearing at first sight, on first appearance, or on the face of the argument." *Id.* at 733. Even with this relaxed standard, we find that Robinaugh has failed to establish *prima facie* error.

█ In Indiana, jurisdiction is presumed and need not be alleged in the complaint. *Baseball Card World, Inc. v. Pannette* (1991), Ind.App., 583 N.E.2d 753, *trans. denied.* A party challenging jurisdiction must establish the challenge by a preponderance of the evidence unless lack of jurisdiction is apparent on the face of the complaint. *Id.* When lack of jurisdiction is apparent on the face of the complaint, the burden is on the plaintiff to come forward with additional evidence which would establish jurisdiction. *Id.*

Rogers alleged in his petition that both he and Robinaugh were residents of Arizona and that the child was living in Indiana. For reasons explained below, we find that this is sufficient to establish jurisdiction. Therefore, the burden is on Robinaugh to establish lack of jurisdiction by a preponderance of the evidence. This she has failed to do.

Robinaugh argues that the Whitley Circuit Court does not have personal jurisdiction over her because her single venture into Indiana to give birth to her child is not sufficient to establish the "minimum contacts" required to satisfy the jurisdictional requirements of *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

█ An issue that is apparent from the fact situation here, and not argued by the parties, is whether the Uniform Child Custody Jurisdiction Act (UCCJA)[1] governs

---

**1.** We note that Indiana's enactment is termed the "Uniform Child Custody Jurisdiction Law." However, we will refer to it as the UCCJA throughout the opinion.

It is interesting to note that Robinaugh relied on the UCCJA in support of her motion to dismiss the paternity action in Arizona.

the question of jurisdiction. The UCCJA governs "custody proceedings" with an interstate dimension. *Hepner v. Hepner* (1984), Ind.App., 469 N.E.2d 780. A "custody proceeding" is defined as follows:

"custody proceeding" includes proceedings in which a custody determination is one of several issues, such as an action for dissolution of marriage, and includes child neglect and dependency proceedings.

I.C. 31–1–11.6–2(3).

In *Yon v. Fleming* (1992), Fla.App., 595 So.2d 573, *reh'g denied, rev. denied,* 599 So.2d 1281 (Fla.1992), the court held that the above definition was not intended to limit the UCCJA's application to the proceedings specifically named therein. Rather, in *any* proceeding in which child custody is one of the issues, the UCCJA comes into play if there is an interstate dimension. We agree with the reasoning of the Florida court in *Yon.*

Here, Rogers sought determination of paternity and requested the court to "make all necessary orders pertaining to the birth of said child including granting James A. Rogers, Jr. custody." (R. 6). If the court determines that Rogers is the natural father, it must make a determination as to custody. I.C. 31–6–6.1–10. Thus, in this paternity proceeding, custody is one of several issues which are included in this litigation.[2] Therefore, we hold that it is subject to the UCCJA.

■ Custody proceedings are adjudications of status, and as such are an exception to the minimum contacts requirements normally associated with discussions of personal jurisdiction. *In re Support of Seligman* (1989), Ind.App., 542 N.E.2d 1030. Therefore, instead of examining the "minimum contacts" as urged by Robinaugh, we must look to the provisions of the UCCJA to determine whether the Whitley Circuit Court has jurisdiction. Indiana Code 31–1–11.6–3 provides in relevant part:

(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this state (A) is the home state of the child at the time of commencement of the proceeding,....

In the case of a child less than six months old at the time the proceedings are initiated, "home state" is the state in which the child has lived since birth. I.C. 31–1–11.6–2(5).

Robinaugh concedes that Indiana is the only state in which the child has lived since birth; therefore, Indiana is clearly the child's home state and has jurisdiction under the UCCJA. Our inquiry does not, however, end here. The next question is whether the Whitley Circuit Court should exercise its jurisdiction. *Horlander v. Horlander* (1991), Ind.App., 579 N.E.2d 91, 95, *reh'g denied, trans. denied.* If there is a custody proceeding pending or a decree in another state which presently has jurisdiction, the Whitley Circuit Court may not exercise its jurisdiction. I.C. 31–1–11.6–6; *Horlander,* 579 N.E.2d at 95. Assuming there is no other proceeding pending in a court which has jurisdiction, the court must decide whether to exercise its jurisdiction because of inconvenient forum. I.C. 31–1–11.6–7.

■ Here, the trial court determined that the Arizona court in which Rogers had filed his petition to establish paternity did not have jurisdiction, and Robinaugh does not appeal this determination. Therefore, the first part of the equation has been satisfied. As to inconvenient forum, the court must consider the following factors:

1) if another state is or recently was the child's home state;

2) if another state has a closer connection with the child and his family or with the child and one (1) or more of the contestants;

---

**2.** We recognize that custody is not always in issue in paternity proceedings, as is the case when the natural mother is seeking to establish paternity for the purpose of determining child support. *See, e.g., Notarfonzo v. Kline* (1985), Fla.App., 464 So.2d 656, *rev. denied,* 472 So.2d 1181 (Fla.1985).

3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state; 4) if the parties have agreed on another forum which is no less appropriate; and 5) if the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 1 of this chapter.

I.C. 31–1–11.6–7(c). Although the court made no determination as to inconvenient forum, we find that Indiana is the more convenient forum. The child has lived nowhere but Indiana, and information regarding the child's present care is in Indiana. Finally, there is no indication that the parties have agreed to a different forum. In fact, the indication in the record is to the contrary because Robinaugh filed a motion to dismiss the Arizona petition.

In support of her argument that the Indiana court is without jurisdiction, Robinaugh cites *Seligman,* 542 N.E.2d 1030. In *Seligman,* this court held that Indiana did not have personal jurisdiction over the out-of-state father in a child support matter. Robinaugh argues that "since *Seligman* prohibits the trial court from determining the issue of support of a non-resident, it therefore precludes that same trial court from making the underlying decision as to paternity." (Appellant's Br. 12). The flaw in Robinaugh's logic is that the UCCJA does not apply to decisions relating to child support or any other monetary obligation of any person. *Lee v. DeShaney* (1983), Ind.App., 457 N.E.2d 604. The UCCJA, however, is applicable to this paternity proceeding because the question of custody is involved.

In summary, we find that Robinaugh has failed to meet her burden of establishing lack of jurisdiction. The denial of Robinaugh's motion to dismiss is therefore affirmed.

RUCKER and BAKER, JJ., concur.